Chief Judge Desmond.
In this proceeding the executor of the will of Mary M. Dammann, besides presenting his accounts for settlement, asked the Surrogate to construe several parts of the will. Of the Surrogate’s holdings made in response to the petition, one only is disputed on this appeal — that is, his decision that because of the death, prior to the testatrix’ death, of one of eight persons named as residuary legatees without any gift over, the one-eighth share of the prior-deceased residuary legatee must be treated as and pass as intestate property of the decedent. If the decree be affirmed, the result will be that one-eighth (about $25,000) of the residue will go to respondent Heinrich Dammann, who resides in Germany and is decedent’s sole surviving first cousin and distributee, rather than be redivided among the seven surviving named residuary legatees. As the Surrogate saw it, payment to Heinrich Dammann is mandated by decisions like Matter of Trumble (199 N. Y. 454) and Wright v. Wright (225 N. Y. 329), and many others, which state the rule that where a residuary legacy lapses and the will makes no gift over the lapsed legacy goes to the statutory distributees as intestate property. The rule, it was held below, must be enforced even where “ the decedent’s will signifies an intention that such distributee should not inherit any part of his estate ”, citing Pomroy v. Hincks (180 N. Y. 73). On the contrary, we hold that effect must here be given to the manifest and clearly expressed intent of the testatrix that the whole of her residuary estate go to the named eight or the survivors of them.
The first, safest and most urgent rule of testamentary construction is the one that says that whenever possible the testament is to be construed in accord with the actual intent of the testator including his presumed intent to dispose of his whole estate by the will (Schult v. Moll, 132 N. Y. 122, 125, 127; *505 Meeks v. Meeks, 161 N. Y. 66, 70-71; Hadcox v. Cody, 213 N. Y. 570, 573, 574; Cammann v. Bailey, 210 N. Y. 19, 30; Matter of Warren, 11 N Y 2d 463). Mary M. Dammann, who never married, died in 1959. She had made her will in 1943. The testamentary scheme and “dominant purpose ” (Matter of Fabbri, 2 N Y 2d 236, 240) is plain to see: she intended that the residue of her estate, after comparatively minor special directions had been carried out, should go to eight of her closest relatives all residing in and around New York City, to the exclusion of others living in Europe. We see no reason why this testamentary intent cannot be carried out without doing violence to any rules of law.
The first 17 paragraphs of the will make directions as to debts, funeral expenses and arrangements, death taxes and requiem masses, set up two comparatively small trusts for the benefit of named cousins, leave decedent’s home and its contents to two other cousins, devise some vacant lots to two cousins, and make a series of bequests of jewelry, silverware and small sums of money. Then comes paragraph Eighteenth directing that the residue be divided into eight (8) equal parts and bequeathing one of said parts ‘ ‘ to each of the following relatives ”. There are then set out the names, addresses and relationships of eight persons, four being second cousins, three being third cousins and one being the mother of the three last described and called a “cousin by marriage”. One of the second cousins (Charles A. K. Ensenbach, a son of a predeceased first cousin) died in 1958, a few months before the death of testatrix. No change was made in the will after his death.
Since the descendants of the deceased second cousin could not take his share of the residue by inheritance, a question was raised on the accounting as to whether that share should remain part of the residue available to the seven surviving residuaries or whether, as the courts below held, testatrix had died intestate as to the one eighth bequeathed to Charles A. K. Ensenbach. In holding as they did, the courts below failed, as we see it, to give effect to the plain language and unquestionable command of the immediately following paragraph, numbered Nineteenth and reading thus: “ Nineteenth: I am not unmindful of the fact that I have other relatives than those hereinbefore referred to, and I have heretofore made a rather complete list of all or *506 most of them, and have them in mind, and I have advised my executor and my attorney who has prepared this- will for me that it is my desire that those hereinbefore mentioned shall inherit my estate, and that no part of my estate shall go to any except those hereinbefore mentioned.”.»
Common sense and customary English usage suggest that we read paragraphs Eighteenth and Nineteenth as one. So read, they dispose of the residue, commanding in words of certainty that it go to no one outside the list of eight chosen relatives. Any possible doubt is removed by the statement that decedent has listed her other relatives and has instructed her executor and her attorney that “no part of my estate shall go to any except those hereinbefore mentioned.” We are informed that a list of decedent’s relatives written out in 1942 in connection with the making of the will has been filed in the Surrogate’s Court with other papers constituting proof as to her family tree. The name of respondent Heinrich Dammann is on that list. Thus we have: first, testatrix’ direction that the eight named persons are to have the residue; second, her further direction that no other of her relatives are to share in it; and, third and most specifically, that the other relatives named on her list incorporated into her will and including Heinrich Dammann are not to get anything. No stronger case could be found for application of the sound principle that a testator’s expressed intent is the only construction guide we need (Matter of Bisconti, 306 N. Y. 442, 445).
Thus, it is unnecessary in this case directly to advert to the ancient and much debated rule expressed in the slogan “no residue of a residue ” and explained more fully in the statement that ‘“a part of the residue of which the disposition fails will not accrue in augmentation of the remaining parts as a residue of a residue; but instead of resuming the nature of residue, devolves as undisposed of ’ ” (Beekman v. Bronson, 23 N. Y. 298, 312-313; Wright v. Wright, 225 N. Y. 329, 340, supra). Long ago our court wrote that this rule was a ‘1 technical ’ ’ one ‘ ‘ reluctantly enforced by courts when tokens are not at hand to suggest an opposite intention” (Oliver v. Wells, 254 N. Y. 451, 457). Such tokens are ready at hand in the present case. True enough, it has been said, with great positiveness that to prevent intestacy in such a situation it is not enough that “ ‘ the *507 testator should have signified his intention by his will that his heir or distributee should not inherit any part of his estate ’ ” (Pomroy v. Hincks, 180 N. Y. 73, 75, supra; Matter of Trumble, 199 N. Y. 454, 465, supra). But we reach a point where a clearly and unmistakably expressed negative is as complete and unavoidable a statement of intent as if cast in the affirmative. We cannot read paragraphs Eighteenth and Nineteenth other than as a direction that the survivors of the named eight persons take the whole residue.
The order appealed from should be modified accordingly, with costs to all parties appearing and filing briefs.