Louis D. Laurino, S.
In this proceeding the executrix, Jessie Dorfmann, has requested a determination as to the construction and effect of the legacy provided for in paragraph “ second A), 1) and 2) ” of the said will of the decedent, which reads as follows: x
“ second: I give, devise and bequeath my estate real, personal or mixed wheresoever the same may be situate as follows:
“ A) One half thereof to my sister, louise ganss, to be hers absolutely and forever. In the event my sister, louise ganss, should predecease me, then and in that event her one half interest in my estate is bequeathed as follows:
■“!) One half thereof to her daughter and my niece, Audrey l. smith, to be hers absolutely and forever.
“2) One half thereof to my sister, carrie dorfmann, to be hers absolutely and forever.”
The decedent died on March 13, 1971 and her will dated July 27, 1961 was admitted to probate on September 3, 1971.
Louise Ganss, Audrey L. Smith and Carrie Dorfmann all predeceased the decedent. Audrey L. Smith, the contingent legatee, left her surviving two children, Robert Smith and Susan Smith. Carrie Dorfmann, the other contingent legatee, left her surviving two children, Frank R. Dorfmann and Jessie Dorfmann.
The will does not provide an alternative gift in the event that the name legatees predecease the textatrix, and the issue before this court is whether the legacies lapse or come within the purview of either EPTL 3-3.3 or 3-3.4.
In view of the fact that the disposition in paragraph ‘ ‘ second A) 1) ” is to a niece, Audrey L. Smith, rather than to “ issue or brothers or sisters ” it is the opinion of the court that EPTL 3-3.3 does not apply to this particular bequest.
However, the disposition in paragraph ‘ ‘ second A) 2) ” is to a sister, Carrie Dorfmann. Her share vests in her surviving issue who are Frank R. Dorfmann and Jessie Dorfmann, and *333 they would be entitled to that one half bequeathed to their mother.
The court is further of the opinion that in view of the ineffective disposition to Audrey L. Smith this shall vest in the remaining residuary beneficiaries pursuant to EPTL 3-3.4 “ in the proportions that their respective interests in the residuary estate bear to the aggregate of the interests of all remaining beneficiaries in such residuary estate ’ ’.