Irving A. Green, J.
The executors have petitioned the court for construction of article "fourth” of the will, which reads as follows:
"fourth: All the rest, residue and remainder of my property and estate, whether real, personal or mixed, of whatsoever the same may consist and wheresoever situate at the time of my decease, I give, devise and bequeath in equal shares unto my following named eleven cousins, namely: MAUDE S. VEITH, DOROTHY STEPHENSON, CYNTHIA FARRELL, JAMES VEITH, VINCENT VAN INWEGEN, DONALD PANTLEY, MARY JANE PANTLEY, CAROLYN SCHÜTZ, MINNIE PIATT, LEE LABARR and ELIZABETH SMITH.
"If my cousin, Elizabeth smith, predeceases me, I give, devise and bequeath her one-eleventh share equally to those of my other cousins named above who are living at the time of my death.
"If my cousin, lee labarr, predeceases me, I give, devise and bequeath his one-eleventh share unto those of his three sisters, EMMA LABARR, GRACE LABARR and LENA LABARR, who are living at the time of my death.
"If any of my other nine cousins named above predecease me, I give, devise and bequeath the one-eleventh share of each one who predeceases me unto his or her children who are living at the time of my death.”
Minnie Piatt, one of the "other nine cousins named above”, predeceased the testatrix. Paragraph four of said article "fourth” provides a gift over in such event of Minnie Piatt’s one-eleventh share to her children living at the time of testatrix’ death. Minnie Piatt’s sole child, George E. Dobbs, predeceased both Minnie Piatt and the testatrix.
*821 EPTL 3-3.4 provides:
"§ 3-3.4. Consequences of partly ineffective testamentary dispositions of property to two or more residuary beneficiaries
"Whenever a testamentary disposition of property to two or more residuary beneficiaries is ineffective in part, as of the date of the testator’s death, and the provisions of 3-3.3 do not apply to such ineffective part of the residuary disposition nor has an alternative disposition thereof been made in the will, such ineffective part shall pass to and vest in the remaining residuary beneficiary or, if there are two or more remaining residuary beneficiaries, in such beneficiaries, ratably, in the proportions that their respective interests in the residuary estate bear to the aggregate of the interests of all remaining beneficiaries in such residuary estate.”
The controversy concerns the gift over to the children of Minnie Piatt. Simply stated, is this an alternative disposition such as to negative the application of EPTL 3-3.4?
An alternative disposition within the purview of said statute necessarily contemplates one which is capable of and does effectively vest in a nominated alternate beneficiary following the failure of the original disposition. Where the alternative disposition has adeemed, as provided by the testator, prior to its indefeasible vesting in the alternate beneficiary, it is, clearly, wholly ineffective to constitute that viable alternative intended to substitute for the statutory scheme of distribution provided in EPTL 3-3.4. One of the salutory purposes of such statute is to avoid intestacy as to a portion of a residuary estate. Indeed, it is a common rule of construction that when a will contains a residuary clause, it manifests an intention on the part of the testator to make a testamentary disposition of his entire estate and to avoid intestacy as to any part thereof. (Matter of Dammann, 12 NY2d 500; Matter of Birdsell, 271 App Div 90, affd 296 NY 840; Matter of Nield, 42 Misc 2d 1010.) The statute, EPTL 3-3.4, reinforces such cardinal rule of construction. It is purposed to abolish the common-law rule that there can be no residue of a residue. (See NY Legis Doc, 1963, No. 19, p, 316 et seq.; NY Legis Doc, 1964, No. 19, p 225 et seq.)
The court further notes that the clear intention disclosed by this will was for the disinheritance of the testatrix’ statutory distributees. The holding by this court is consistent with that intention as well as applicable law.
*822 Accordingly, the distribution of the residuary estate herein shall be made in accordance with the directions set forth in EPTL 3-3.4.