*372 OPINION OF THE COURT
Hugh A. Gilbert, J.
The decedent, Grace E. Mills, was the only child of Fred H. Mills and Lillian D. Mills.
Fred H. Mills died on February 22, 1943 leaving a will dated December 31, 1918, which was probated in the Jefferson County Surrogate’s Court on March 20, 1943. His widow, Lillian D. Mills, was appointed executrix. The will left a $5,000 bequest to his daughter, Grace E. Mills, and the residue of his estate was left to his wife. The estate tax return showed a gross estate of $47,408.04.
Lillian D. Mills died on March 26, 1960 leaving a will dated October 14, 1952, which was probated on May 23, 1961 in the Jefferson County Surrogate’s Court. Her daughter, Grace E. Mills, was appointed executrix of the estate. The will left everything to Grace E. Mills. The estate tax return showed a gross estate of $36,742.80.
Grace E. Mills died on January 11, 1975 leaving a last will and testament dated October 14, 1952, which was admitted to probate in the Jefferson County Surrogate’s Court on August 28, 1975. The Marine Midland Bank was appointed her executor and her net estate as shown on the accounting amounted to $58,618.24.
The pertinent provisions of her will are as follows:
"second: All the rest, residue and remainder of my property, both real and personal, wherever situate or located, I give, devise and bequeath, absolutely, unto my mother lillian d. mills, of Carthage, New York.
"third: If my mother does not survive me or if she and I die under such circumstances as make it impossible or difficult to determine which of us survived the other, then and in any of such events, in the place and stead of the provisions in her favor set forth in Clause second above, I give, devise and bequeath my entire residuary property as follows:
"A. An undivided five-fifteenths part thereof, absolutely, unto my uncle merwin g. dreyfus, of Norwich, New York.
"B. An undivided two-fifteenths part thereof, absolutely unto my aunt Elizabeth mac lean, of Batavia, New York.
"C. An undivided two-fifteenths part thereof, absolutely, unto my aunt henriette d. wood, of Norwich, New York.
*373 "D. An undivided one-fifteenth part thereof, absolutely, unto my cousin bertha blakeley, of Norwich, New York.
"E. An undivided five-fifteenths part therof unto the northern new York trust company of Watertown, New York, in trust, nevertheless, for the uses and purposes set forth in Clause fourth immediately following.
"F. If, but only if, any of the persons named in Paragraphs A, B, C and D of this Clause third fails or fail to survive me, then and in that event I give, devise and bequeath that part of my residuary property hereinabove given, devised and bequeathed unto him or her, absolutely and in equal shares unto such of the following persons as survive me: merwin g. DREYFUS, ELIZABETH MAC LEAN, HENRIETTE D. WOOD and BERTHA blakeley, all aforesaid.” (Emphasis added.)
In paragraph fourth of the will the five fifteenths of the residuary estate was set up in trust for Michael Dreyfus and the will then provided as follows:
"I direct that when said Michael dreyfus attains the age of twenty-five (25) years, my trustee shall deliver, transfer and pay over to him, absolutely and free from trust, whatever remains of said trust principal, and that thereupon said trust shall cease and terminate.
"If, but only if, said Michael fails to attain the age of twenty-five years, I give, devise and bequeath, absolutely and free from trust, whatever remains of said trust principal at the time of his decease, in equal shares unto his brothers and sisters him surviving, but should he have no brother or sister surviving him, then I give, devise and bequeath the same, absolutely and in equal shares, unto such of the following persons as are living at his decease: merwin g. dreyfus, ELIZABETH MAC LEAN, HENRIETTE D. WOOD and BERTHA BLAKE-LEY, all aforesaid.”
Upon the death of Grace E. Mills, the only person named in the will who was living, was Michael Dreyfus.
Grace E. Mills was survived by eight first cousins, Iva Parks, Geraldine Wood Judson, Charles MacLean, Jr., Kenneth MacLean, Paul MacLean, Burton MacLean, Richard Dreyfus and Alma Dreyfus.
The will of Grace E. Mills dated October 14, 1952, was prepared by attorney Paul E. Brown of Watertown, New York. The will of Lillian D. Mills was dated the same day, October 14, 1952, and was prepared by attorney Paul E. Brown. It is *374 an exact reverse duplicate of the will of Grace E. Mills paragraph for paragraph, line for line and page for page. The only difference is that they left everthing to each other first.
The issues raised concern whether the ten-fifteenths part of the residuary devised and bequeathed to Merwin G. Dreyfus, Elizabeth MacLean, Henrietta D. Wood and Bertha Blakeley, who predeceased the testatrix, should pass in intestacy to the first cousins of testatrix or to Michael Dreyfus as the sole surviving beneficiary named in the will.
The first cousins of testatrix desire to introduce evidence of certain interfamily relationships and history to establish that it was the intent of testatrix that they should inherit this ten-fifteenths part of the residuary and Michael Dreyfus should be limited only to his trust. They argue that there was a contrary intent and/or an alternate disposition in the will that specifically excluded the trust for Michael Dreyfus from the residuary clause and thereby demonstrates an intent that her closest relatives receive in intestacy such ten-fifteenths part. Michael Dreyfus contends that EPTL 3-3.4 codifies the principles of avoiding intestacy and vests the entire residue in himself as the sole residuary beneficiary surviving the testatrix.
The court initially will address the issue of whether EPTL 3-3.4 is to be applied as it is written or whether the court still has to consider the intent of the testator or testatrix.
Prior to the enactment of this statute, by chapter 472 of the Laws of 1967, the applicable rule would have been the "no residue of a residue” rule. This was "the rule that where a residuary legacy lapses and the will makes no gift over the lapsed legacy goes to the statutory distributees as intestate property.” (Matter of Dammann, 12 NY2d 500, 504.)
EPTL 3-3.4 states that: "Whenever a testamentary disposition of property to two or more residuary beneficiaries is ineffective in part, as of the date of the testator’s death, and the provisions of 3-3.3 do not apply to such ineffective part of the residuary disposition nor has an alternative disposition thereof been made in the will, such ineffective part shall pass to and vest in the remaining residuary beneficiary or, if there are two or more remaining residuary beneficiaries, in such beneficiaries, ratably, in the proportions that their respective interests in the residuary estate bear to the aggregate of the interests of all remaining beneficiaries in such residuary estate.”
*375 The Practice Commentary in McKinney’s Consolidated Laws (Book 17B, EPTL 3-3.4, p 343) states that: "The section avoids the consequence of a lapse’ by creating a conclusive presumption that the testator intended an ineffective disposition to one of two or more residuary beneficiaries to vest in the others” unless one of the conditions set forth in the statute exists. The commentator in New York Jurisprudence (65 NY Jur, Wills, § 821, p 104) states that this presumption "is rebuttable only if the testator has expressly provided against the failure of part of his residuary disposition by a 'gift-over’ of such ineffective disposition.” "This section states the general law that, where the residuary is bequeathed to several beneficiaries, the share of the predeceased beneficiary does not go by intestacy (as in the past) but (except for the antilapse statute) passes on the the surviving residuary beneficiaries.” (Matter of Tomson, 75 Misc 2d 687, 688.)
Therefore, this court concludes that subsequent to the enactment of the statute it is not the function of a Surrogate’s Court to endeavor to construe the intent of the decedent. Unless there is an actual gift over to a designated person or party, all the residue will be distributed to the surviving beneficiary or beneficiaries rather than in intestacy.
Furthermore, the court cannot accept the argument that the specific disposition of a five-fifteenths part of the residuary limits Michael Dreyfus to only such part and thereby creates an intestacy with regard to the other ten-fifteenths part. The only gifts over concerning this ten-fifteenths part were to those four designated beneficiaries. All four predeceased the testatrix. There were a total of 15 parts in the residuary estate. Five persons were named in the residuary clause of this will. Four of these person predeceased the testatrix. The fifth person is the only survivior, and is Michael Dreyfus. It is he who will receive all the residue in accordance with EPTL 3-3.4.
The original designation of portions or parts of the residue cannot be interpreted in view of this statute as an "alternative disposition”. Such disposition must be a specific gift over upon the demise of one or all of the designated beneficiaries. Each of these four beneficiaries who predeceased the testatrix was designated as the alternate beneficiary or beneficiaries of the other. Upon the death of all, prior to the testatrix, no other beneficiary is named. Michael Dreyfus was named in the *376 residuary clause as a specific beneficiary, however, and pursuant to this statute would inherit the entire residue.
As was set forth in Matter of Van Inwegen (87 Misc 2d 819, 821): "An alternative disposition within the purview of said statute necessarily contemplates one which is capable of and does effectively vest in a nominated alternative beneficiary following the failure of the original disposition. Where the alternative disposition has adeemed, as provided by the testator, prior to its indefeasible vesting in the alternative beneficiary, it is, clearly, wholly ineffective to constitute that viable, alternative intended to substitute for the statutory scheme of distribution provided in EPTL 3-3.4. One of the salutory purposes of such statute is to avoid intestacy as to a portion of a residuary estate.”