OPINION OF THE COURT
Bernard L. Reagan, S.
This proceeding is brought for construction of the will of William H. Gathers, deceased, particularly with reference to the construction of the twelfth paragraph thereof which reads as follows: "All of the rest, residue and remainder of my property, both real and personal, and wheresoever situated and of whatsoever nature and kind, not hereinbefore specifically bequeathed, I give and bequeath in equal shares to be *541 theirs absolutely and forever to my brother, Raymond A. Gathers and my sister Elsie A. Wright, share and share alike.”
The decedent, William H. Gathers, died testate on March 1, 1973. On February 14, 1974 the last will and testament of said decedent was duly admitted to probate by the Surrogate of the County of Onondaga and Letters of Administration, with will annexed, were duly issued on said date to Agnes Pasnikowski.
The decedent had three sisters and one brother, all of whom predeceased the testator.
The decedent’s brother, Raymond A. Gathers, one of the residuary legatees named in paragraph twelfth of the will above, predeceased the decedent, having died on August 24, 1967. He left no children or issue him surviving.
The decedent’s sister, Elsie A. Wright, the other residuary legatee named in paragraph twelfth of the will above, predeceased the decedent, having died on March 15, 1965 leaving three children her surviving.
Mary Gathers Lorett, sister, not mentioned in the will, predeceased the testator leaving four children her surviving.
Maude Gathers Ballow, sister, not mentioned in the will, predeceased the testator leaving three children her surviving.
The question presented for the court to answer is as follows:
Where a residuary disposition is made to a brother and sister of a testator in equal shares and where both the brother and sister predecease the testator, the sister leaving issue and the brother leaving no issue, does the residuary disposition to the predeceased brother lapse and pass to the testator’s distributees pursuant to the laws of intestacy or pass to the issue of the predeceased sister?
Prior to the enactment of EPTL 3-3.3 and 3-3.4, where residuary legatees predeceased the testator, their legacy failed and was distributed as intestate property. (Matter of Phelps, 133 Misc 450; Wright v Wright, 225 NY 329.)
In the case at bar, Elsie Wright, sister of the deceased, received half of the decedent’s residuary estate under his will. She predeceased the testator leaving three children. Under EPTL 3-3.3, commonly referred to as the "anti-lapse” statute, the three children of Elsie Wright would receive their mother’s devise.
Under paragraph twelfth of the testator’s will the other half was devised to "my brother, Raymond A. Gathers”.
Raymond A. Gathers, the predeceased brother of the testa *542 tor who received the other one half of the residuary estate under paragraph twelfth, left no issue him surviving.
In view of the ineffective disposition to Raymond A. Gathers, his share would vest in the remaining residuary beneficiaries, namely the three children of Elsie Wright, pursuant to EPTL 3-3.4 (Matter of Stanbridge, 69 Misc 2d 331).
Thus when a disposition to a residuary beneficiary (Elsie Wright) falls within the anti-lapse statute (EPTL 3-3.3) and the disposition to another residuary beneficiary (Raymond A. Gathers) does not fall within EPTL 3-3.3, and where no alternate disposition of the ineffective part has been made by the testator, EPTL 3-3Í4 will operate by channeling the ineffective portion of the residuary (Raymond A. Gathers’) to the individuals taking under the anti-lapse statute through the other predeceased residuary beneficiary (Elsie Wright). (9 Rohan, New York Civ Prac, EPTL 3-3.4, subd [2].)