In the matter of ELWYN S. WINTERMUTE, substituted administrator *cum testamento annexo* of Mary Smith, deceased; GEORGE A. AYERS et al., appellants.

[Submitted November 10th, 1924.   Decided January 19th, 1925.]

A testatrix disposed of her residuary estate as follows: "*Second.* It is my will and I do hereby give and bequeath to my two sisters, Susanna Smith and Marilda Smith, to be divided equally between them, after the payment of my debts and funeral expenses as above mentioned, the balance and residue of my estate, both real and personal property, in whatever it may consist, or wherever situate; and in case at the time of my decease either one of my sisters, as aforesaid, should not be living, then it is my will and I do hereby give the whole of my estate to the one surviving." Susanna died before testatrix, leaving issue. Marilda died after Susanna, and before testatrix, without issue and unmarried. *Held,* that section 22 of the Wills act (*Comp. Stat. p. 5866*) was not applicable, and if applicable, the case was within the proviso of that section, and that there was intestacy as to the residuary estate.

On appeal from a decree in the prerogative court advised by Vice-Ordinary Church, whose opinion is reported in *95 N. J. Eq. 631*.

*Mr. Elmer King*, for the appellants.

*Mr. Alfred F. Skinner*, for the respondent.

19

The opinion of the court was delivered by

PARKER, J.

The judicial action brought up by this appeal is an order of the Warren county orphans court, dated March 1st, 1923, dismissing exceptions to an account filed by the administrator above named, and an affirmance of that order in the prerogative court. The crux of the case is the ground taken for that dismissal, which is that the exceptants have no interest in the estate, and, consequently, no standing to except. If this be so, the decree in the prerogative court should be affirmed. If they have an interest, that decree should be reversed.

The decision that exceptants have no interest rests on the proposition that the purview of section 22 of the Wills act (*Comp. Stat. p. 5866*) is applicable under the circumstances of the case to the residuary clause in the will of Mary Smith, and that the proviso of said section is not applicable. The residuary clause is copied in full, and the statute abstracted, in the opinion of the learned vice-ordinary. The proviso he has reproduced in full.

Of course, it is perfectly clear that if the testatrix had left her residuary estate to her two sisters generally, and one of them had died in her lifetime leaving issue, such issue on surviving testatrix would take the share of the parent. Equally, of course, the testatrix is presumed to have framed her will with the statutory regulations in mind.

But when we examine the language of this residuary clause we are struck at once by the evident intent that it is survivorship of the testatrix by the immediate legatees named in the will that is the test laid down for succeeding to the property. If she had stopped with the bequest to her two sisters to be divided equally between them, the case would be far different, and section 22 would, no doubt, apply. But her real intent is manifested in the second part of the clause:

"And in case at the time of my decease either one of my sisters as aforesaid should not be living, then it is my will

and I do hereby give the whole of my estate to the one surviving."

Now, at the time when the will was made, the two sisters, Susanna and Marilda, were, of course, living. Susanna married the next day and had issue. She died in 1917, before Marilda, leaving one son, the present administrator. By her death before testatrix, the whole, by the express language of the residuary clause, was to pass to Marilda, and, if Marilda had survived testatrix, she would have taken all. She did not survive her, but died unmarried in 1919, while testatrix lived till 1921. Consequently, we have the case of Susanna's share failing by her predecease, and Marilda's share also failing for the same reason, and both in view of the plain language of the will in which survivorship is a *sine qua non*. To say that the inheritance swings over to Susanna's issue is, in our view, an erroneous application of the statute. If the act be applicable at all, the proviso is met by this will. We think it is not applicable at all; that it is aimed at cases where the testamentary provision is not limited by the necessity of survivorship in order to take. The statutory language is: "Whenever any estate * * * shall * * * be * * * bequeathed * * * to any person being * * * a brother or sister," &c. This refers to a bequest at large and not to one expressly barred from taking effect unless the legatee survive testator.

Even if the contrary be conceded for the sake of argument, the proviso would apply. It says: "This provision shall not apply when the testator * * * shall by the will * * * have otherwise directed in regard to the children * * * of said * * * legatee dying as aforesaid." The direction in the will is that if either sister died before testatrix, the estate shall go to the other, which is saying quite plainly that the dying sister's issue shall not take in any event. Whether Marilda's issue, had she left any, would have taken by surviving testatrix, is a question not before us, as Marilda had no children.

The legacy lapsed as to Susanna because she did not survive testatrix, and was thereby excluded by the will.

It lapsed as to Marilda because she was not living to receive it.

Our conclusion is that testatrix died intestate with respect to the residuary estate, which therefore devolves as provided by law.

Consequently, appellants as next of kin were entitled to except to the account. The decrees brought up will be reversed and the case remanded, with directions that further proceedings be had in conformity to these views.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 14.