# WHITFIELD et al. v. BUTLER et al.—204 S. W. (2d) 537.

Middle Section.   July 26, 1947.

Petition for Certiorari denied by Supreme Court, October 3, 1947.

E. B. Rayburn, of Pulaski, for appellants.

J. L. Jones, of Pulaski, for appellees.

HOWELL, J. The bill in this case was filed by the widow and children of Cope G. Whitfield who died at his residence in Giles County, Tennessee, on October 12, 1946, against the minor grandchildren of the deceased and prays for a construction of a holographic will executed by Cope G. Whitfield and probated on October 30, 1946. A copy of the will is filed as an exhibit to the bill.

A guardian ad litem was appointed for the minor defendants, who filed an answer for them admitting that the will should be construed and submitting the rights and interests of the defendants to the Court.

Upon the hearing the chancellor filed a written opinion and under it the construction placed upon the will was not favorable to the complainants and they have appealed to this Court and have assigned the action of the Chancellor as erroneous.

The testator Cope G. Whitfield was a farmer, sixty-four years of age at the time of his death, and left surviving him, his widow and five children, who are the complainants herein, and five grandchildren who are the defendants. At the time he wrote his own will on February 4, 1927, he was forty-five years old and was living on his farm containing 375 acres in Giles County, with his wife and the five children. The children were then all minors. This farm was the principal asset of his estate, the value of the personalty being small, and he owned no other land.

The will is as follows:

"This February 4, 1927

"I, Cope G. Whitfield being of sound mind and memory do make and publish this my last will and testament.

"Item 1. I will and bequeath to my said wife and children all my property of whatever nature and wherever located consisting of lands, notes, money, horses, mules, cattle, hogs, sheep, household and kitchen furniture, farming tools, buggies and I also desire that my wife control with the help of my son, John, all the property until all of the children become of age. If she marries before said children become of age, my son John must take charge of the property and the man she marrys be forever barred from having anything to do with it forever.

"Item 2. I also say that all notes, papers of any kind after my death is null and void and my estate not bound for anything of that kind.

"Item 4. I also appoint my said wife, Ella Mae Whitfield and my son John Henry Whitfield as Executrix of my last will and it is my desire that they be required to give no bond, as I have the utmost confidence in them. And at the death of my wife, her part of the estate comes back to my said children and that at the death of my children their property goes to their heirs, if they have no children of their own I want it to stay in the Whitfield family.

"I also desire the Court to require no inventory or settlement from my executrixs of my estate.

"Cope G. Whitfield

"In Lieu of Item 1.

"I also desire that when my children become of age that all of the children with mother pick three disinterested men and divide the property equally without any lawsuit or hard feelings, as, I want it, each ones part so as they can not run through with it and want it to go from them to their heirs.

"I also would like for my son John if he is in a position, to try and hold the house I now live in and land lying west of the Highway.

"Cope G. Whitfield."

It is insisted for the complainants, the widow and children, that under this first item of the will they are given a fee simple title to the land involved each taking an undivided one-sixth interest and that the limitations contained in the remaining items are void and ineffective and that the minor grandchildren, the defendants, have no interest in the estate of the testator.

It is insisted for the defendants that the will vests in the complainants only life estates, the remainder in the widow's one-sixth after her death going to the children and the remainders after the deaths of the children going to their children if any, and, if none, back to the brothers and sisters or their representatives.

It is the duty of the Court to find the intention of the testator by giving the language used its natural meaning and give effect to that intention. The rules of construction are well settled by the Statutes and decisions of the Courts.

We cannot agree with the complainants that this will gives them a fee simple title to this land with full power of disposition.

In the first item of the will the testator gives all of his property to "my said wife and children" and asks that the wife with the help of son John have control until all the children become of age. This item does not contain any language that might indicate an intention to vest in any one a power to dispose of it. The children were all minors when the will was written. The Item marked 4 provides that at the death of the wife her part goes to the children and that at the death of each child

his or her part goes to his or her children and "if they have no children of their own I want it to stay in the. Whitfield family," which means that the shares of such child dying without children goes back to his or her brothers and sisters or the children of such of them as may have died. The undated item marked "In Lieu of Item 1," emphasizes the fact that he wanted his children to keep their interests in his land for their lives and that at their respective deaths it should go to their children.

It is manifest from the language and context of this will that in referring to the deaths of his wife and children the testator meant their deaths after they had taken possession of the property under the will. His wife was to control the property until all the children became of age, but if she married before that time, his son John was to take charge and the man she married was to have nothing to do with it. He could not have been referring to the wife's death before his. The law upon this subject is earnestly and ably discussed by counsel but we are constrained to the conclusion that it has no application to the facts of this case. It is clear that the testator contemplated his own death before the death of his wife or any of his children, that his will should take effect before any of them died and that the wife and children should have life estates.

■ The law is well settled that a fee simple title granted in one clause of a will without any power of disposition may be cut down or limited in a subsequent clause by express terms or necessary implication. Section 7597 of the Code of Tennessee is as follows:

"The term 'heirs,' or other words of inheritance, shall not be requisite to create or convey an estate in fee; and every grant or devise of real estate, or any interest therein, shall pass all the estate or interest of the grantor or

devisor, unless the intent to pass a less estate or interest shall appear by express terms, or be necessarily implied in the terms of the instrument."

The cases upon this subject are discussed most ably by counsel. In the case of Meacham v. Graham, 98 Tenn. 190, 39 S. W. 12, 15, there is an interesting discussion by Justice Wilkes in which it is said:

"The rule is well settled that courts refuse to cut down an estate already granted in fee or aboslutely, when the supposed terms of limitation are to be found in some subsequent portion of the will, and are not, in themselves, clear, unmistakable, and certain, so that there can be no doubt of the meaning and intention of the testator."

In this case the intention of Mr. Whitfield that his wife and children, should only take estates for their lives is clear and unmistakable.

See Daly v. Daly, 142 Tenn. 242, 218 S. W. 213; Smith v. Reynolds, 173 Tenn. 579, 121 S. W. (2d) 572; Templeton v. Stong, 182 Tenn. 591, 188 S. W. (2d) 560.

The Chancellor in a most appropriate opinion construed this will as giving to these grandchildren, the defendants, remainder interests in the land involved and we fully concur in his conclusions in every respect.

The assignments of error are overruled and the decree of the Chancellor is affirmed. The appellants will pay the costs.

Affirmed.

Felts and Hickerson, JJ., concur.