In the Matter of the Accounting of LEONARD E. GAZAN et al., as Executors of ELIZABETH L. GNAD, Deceased.

Surrogate's Court, Kings County, June 1, 1948.

*George Dyson Friou* for executors, petitioners.

*Fred M. Ahern* for State Tax Commission.

*Nathaniel L. Goldstein, Attorney-General (Corning G. McKennee* of counsel), for unknown beneficiaries.

*Alfred Ekelman* for surviving next of kin.

*Victor Konow* for Bethlehem Evangelical Lutheran Church.

McGAREY, S.   Construction is sought with respect to the provisions of the will disposing of the residuary estate, one quarter of which was bequeathed to the named pastor of the church of which the testatrix was a member.  He predeceased the testatrix by more than three years.  There is no direct gift over to others of any lapsed legacy.  The church was also bequeathed one quarter of the residuary estate and one half went to a woman's organization.

Following the bequests of the residuary estate is paragraph " Seventeenth " of the will wherein testatrix stated she had a greater obligation to those for whom she provided than for any of her relatives, whom she considered when drafting her will. There were no bequests made to relatives.

From such expressions excusing or explaining her failure to provide in any wise for relatives, the executors and Attorney-General ask the court to give effect to what they characterize as the intent of the testatrix, that the relatives are not to participate in the estate. They contend that the lapsed residuary legacy to the pastor should be paid to the other two residuary legatees.

There is no direction in the will disinheriting any or all of the relatives, nor is there any language which would indicate an intent to disinherit any of her distributees in the event she should die intestate as to any of her property. The most that can be said of the language of paragraph "Seventeenth" of the will is that she desired to explain why she failed to remember any of her relatives by her will. The testatrix having failed to provide for a valid gift over of any lapsed residuary legacy, there is intestacy as to the one-quarter share bequeathed to the pastor, as the residuum passing under the residuary clause will not be augmented by a "residue of a residue" (*Wright* v. *Wright*, 225 N. Y. 329).

Proceed accordingly.