In the Matter of the Accounting of HENRY F. DOLAN, as Executor of MARGARET FORDE, Deceased.

Surrogate's Court, Kings County, November 7, 1951.

*John F. Middlemiss* for executor, petitioner.

*Michael J. Adler* for Anna McNamara, objectant.

*Joseph E. Keenan* for Elizabeth M. Cassidy, respondent.

RUBENSTEIN, S.   Testatrix bequeathed her residuary estate to five named cousins " in equal shares, share and share alike." Two of them predeceased the testatrix and the three survivors claim they are entitled to take as a class and not as tenants in common.   It is alleged that the five were brothers and sisters. The testatrix also by separate provisions bequeathed the sum total of $4,500 to six other cousins and by codicil revoked four of the bequests and the other two legatees predeceased testatrix.   In none of the testamentary provisions is the stock of the cousins shown, nor is there present in the will words of survivorship with respect to legacies or language from which may be spelled out a purpose to make the gifts to a class of relatives, as was present in *Matter of Hawley* (76 Misc. 81), cited in support of the residuary legatees' position.   The gifts being to individuals, and not to a class, there is intestacy with respect to 40% of the residuary estate.

The testatrix ' distributees are two nieces, a grandniece and a grandnephew.   One of the nieces was bequeathed $1,000 and the other three, $1 each.   The testatrix further provided that all of the general legacies were to be satisfied out of the personalty, and if insufficient, all such legacies were to abate " proportionally ".   It is contended that these provisions evince an intent that the distributees shall in no event participate in the estate beyond the sum total of their respective legacies. The nominal bequests to three of the distributees would seem to indicate an intent to disinherit them but such intent cannot be given effect with respect to property which passes in intestacy by operation of law as the testatrix failed to make a valid gift over (*Matter of Trumble,* 199 N. Y. 454, 465).   In addition, there is absent express words of disinheritance (*Matter of Weissmann,* 137 Misc. 113, affd. 232 App. Div. 698). There being no provision for a gift over, intestacy has occurred with respect to the residuary legacies of Mary E. Hinkel and Michael A. Dolan (*Wright* v. *Wright,* 225 N. Y. 329; *Matter of Gnad,* 192 Misc. 634).

The nieces are each entitled to a one-third share and the grandniece and grandnephew, children of a predeceased nephew, are each entitled to a one-sixth distributive share (*Matter of Watson,* 164 Misc. 940, 944).

The claim of Anna McNamara is dismissed as it has not been established by clear and convincing proof (*Matter of Shakus,* N. Y. L. J., June 13, 1951, p. 2198, col. 4).

Proceed accordingly.