In the Matter of the Accounting of LILLIAN R. ENGEL, as Administratrix C.T.A. of ANNA M. SCHAERTL, Deceased.

Surrogate's Court, Kings County, February 7, 1955.

*Edwiene Schmitt* for administratrix *c.t.a.*, petitioner.

*Malcolm O. Herzog* for Albert E. Meyer.

*Charles J. Donovan* for Louisa A. Erts and others.

Moss, J. (Justice of Supreme Court as Acting Surrogate). In this accounting proceeding the administratrix *c.t.a.* seeks a construction of the will's residuary provision to determine whether the residuary estate passes as intestate property or is saved for the descendants of the brother named as a residuary legatee by section 29 of the Decedent Estate Law.

Testatrix, a schoolteacher, died on April 8, 1952, a resident of Kings County leaving a will dated May 4, 1932, which was admitted to probate January 6, 1953. Letters of administration *c.t.a.* were issued to petitioner, a niece of testator, and a daughter of the residuary legatee.

The instrument is in the handwriting of the testatrix on a printed " will " form and makes therein some forty-one different bequests. The paragraph concerning which construction is sought reads in part as follows:

" All the rest of my residue and remainder of my estate, * * * at the time of my decease I hereby give and devise and bequeath to my darling brother (half-brother) * * * to him and his heirs if he outlives me ".

The half brother of the testatrix mentioned in the will predeceased the testatrix. At his death he was a widower and was survived by a daughter and a granddaughter, issue of a predeceased daughter. Issue of a second predeceased half brother were two daughters, two sons and three grandchildren, issue of a deceased daughter. If there be a determination that decedent died testate, and that the bequest to the half brother named in the will did not lapse then the residuary would be distributed to his issue; otherwise on a finding of intestacy all of testator's distributees would be included. · · ·

The problem presented requires consideration of the will provision in the light of the commonly called anti-lapse statute (Decedent Estate Law, § 29).

Section 29 of the Decedent Estate Law is inapplicable to a will which contains evidence that the statute is not to be operative (*Pimel* v. *Betjemann,* 183 N. Y. 194; *Matter of McKeon,* 182 Misc. 906), or where the language of the testamentary instrument gives evidence of a contrary intent. The will gives evidence of such contrary intent by the express words of the testatrix " if he outlives me ". The court holds, therefore, that section 29 of the Decedent Estate Law is not applicable; that the testatrix died intestate as to her residuary estate; and distribution of the said residuary is directed accordingly. Settle decree on notice.