Maximilian Moss, S.
Testatrix executed her holographic will on October 5,1933 and died on May 23,1954. Under it she gave a mortgage, the principal of which is $4,000, to be divided at its maturity among three persons; the interest “to be sent ” to a religions association. Testatrix then provided “ the cash in bank, after all debts and obligations have been met, to be divided equally among the following,” then follow the names of six persons, all of whom were children of a predeceased uncle, and were testatrix’ maternal first cousins. Three of them predeceased testatrix. The next disposition is of “ The remainder of my estate, personal, including jewelry and household effects to ” the nominated executor.
The only other asset of which testatrix died possessed is money in the bank. It is clear from her will that even if there were in fact assets other than the mortgage and such money, the money in the bank was to be the source from which ‘ ‘ all debts and obligations” were to be paid, and that embraced within such phrase testatrix contemplated and intended all her debts, funeral and administration expenses and the court so finds. The *543 balance of the bank money is then divisible into six equal parts, three of which lapse and fall into the residuary estate as there is not present in the will either words characterizing the legatees’ relationship or survivorship, indicating a class gift to them (Matter of Forde, 201 Misc. 198, affd. 281 App. Div. 680) and section 29 of the Decedent Estate Law is inapplicable. Submit decree accordingly.