S. Samuel Di Falco, S.
The sole question in this proceeding for the settlement of the final account of the executor is whether a legacy to a deceased sister of the testator is payable to her children or has lapsed.
At the time of the execution of his will, the testator had three sisters and one brother who were then his presumptive distributees, together with the issue of another brother who was then deceased. His will directed the division of his estate in four equal parts, and it bequeathed one part to each sister and one to his then living brother. There was no mention in the will of issue of the deceased brother. Each gift was qualified by the words “if he [or she] survives me.” The text which the court is asked to construe reads: “ B. One of said parts, I give, devise and bequeath to my sister, Annie Hayes, if she survives me, absolutely and forever; if she does not survive me, I give, devise and bequeath said part or share to her husband, Luther, absolutely and forever.” Luther Hayes died before his wife; both predeceased the testator. The two children of Mrs. Hayes claim her share. Their only basis for succeeding to her interest must be found in section 29 of the Decedent Estate Law.
The principle has been well established that section 29 is not ■operative in a case where the will clearly and plainly expresses the intention that the bequest shall be effective only in the event that the legatee survived the testator. (Wallace v. Diehl, 202 N. Y. 156, 168; Matter of La Prejato, 3 Misc 2d 936; Matter of Loeb, 34 N. Y. S. 2d 65, 67; Matter of Schaertl, 207 Misc. 406; Matter of Conay, 121 N. Y. S. 2d 486; Annotation — Intention of Testator as Defeating Operation of Statute to Prevent Lapses, 92 A. L. R. 846, 857.) In the present case the testator has plainly and clearly made the bequest to his sister ‘ ‘ if she survives me ”.
There may be cases where such text may be regarded as ‘ ‘ more the mannerism of the draftsman than an expression of the intent of the testator ”, and may be rejected as mere surplusage. (See Matter of Jerge, 180 Misc. 268, 269.) There may be situations, too, where the intent is not to make the bequest conditional upon survival but rather to substitute one beneficiary for 'another in one single contingency. Thus the testator might have said: I bequeath one share to my sister absolutely except that if her husband shall survive me and she shall die before me, *164 then 'and in-that event I bequeath such share to him. Had the testator done so, there might be some basis for arguing that section 29 is applicable in the event that neither beneficiary survived the testator. However, the testator has not so phrased the gift and Ms will, read as a whole, does not allow us to construe tMs bequest as if be had so phrased it.
The early paragraphs of the Mil deal only Mth payment of debts, expenses and cemetery charges. All bequests are contained iin the residuary clause wMch divides the distributable estate in four parts. Each part is disposed of in a separately lettered subdivision. In each case, the preliminary gift to brother or sisters is made conditional upon survival of the testator. In each subdivision there is an alternative bequest in the event of failure to .survive. The alternative beneficiary in subdivision A is a named daughter of the sister; in subdivision B, the husband of the sister; while in subdivisions C and D, the share is to be divided in three parts and distributed as directed in the other subdivisions. The text of subdivisions A, 0 and D clearly reveals an intention to use tb© words ‘ ‘ if she [or he] survives me ” in their plain 'and ordinary sense as expressing a condition which the legatee must meet in order to be entitled to payment. If we should attempt to give the very same words in subdivision B a different meaning, we must predicate the difference upon the pure speculation that such a construction might effect a more equitable distribution of the property among the different branches of the family. The result, however, is one wMch we have no assurance would meet the Mshes and desires of the testator. The plain meaning of the words used by Mm import a condition which the legatee failed to satisfy, and as a consequence the legacy lapsed.
The court, therefore, holds that the share embraced in subdivision B of paragraph Fifth passes as intestate property to those who were the distributees of the testator1 at the time of Ms death.
Submit decree on notice construing the Mil and settling the account accordingly.