Maximilian Moss, S.
A construction of testator’s will is sought on an accounting by the successor trustee in order to determine the manner of distribution of the remainder of a fund in which the widow had a life estate.
The testator died in 1935. He was survived by his widoAV who died January 22,1953, no issue but collateral relatives. His will is dated May 6,1925. By the will, testator gave the income of all his property to his wife during her life and upon her death “ the entire estate ” was “ to be equally divided among ’’ his brothers George and Julius, his sister Valeska, a sister-in-law Mary, the wife of his brother Martin, and three nieces, the three daughters of a predeceased brother Henry H. Guttman. George died in 1927 leaving no issue. Julius predeceased the testator by approximately four months, survived by no issue. Both the sister Valeska and sister-in-law Mary died in 1939, the sister leaving no issue, while Mary was survived by a son. Of the three nieces, Lillian Groesser survived testator but predeceased the life beneficiary. The other two nieces are living.
By the provisions of the “ First ’’ article, the interests of the named remaindermen who survived testator were fixed on his death and each of such survivors acquired vested one-seventh interests therein with enjoyment alone postponed until the termination of the precedent estate. Since the brothers, George and Julius, predeceased the testator without leaving a child or other descendant surviving them, the gift to each of them lapsed (Decedent Estate Law, § 29). In the absence of a provision in the will therefore, a residuary gift may not be augmented by another or other residuary gifts (Wright v. Wright, 225 N. Y. 329 ; Matter of Forde, 201 Misc. 198, affd. 281 App. Div. 680 ; Matter of Gnad, 192 Misc. 634) The bequests to the testator’s brothers of íavo sevenths of the estate is to be distributed as in intestacy to the testator’s distributees. Accordingly, the remaining five sevenths of the estate is to be distributed as follows: one seventh to the personal representatives of the sister Valeska; one seventh to the personal representatives of the sister-in-law Mary; one seventh to the personal representatives of the niece Lillian Groesser; one seventh to each of the nieces, Bose Levy and Flora Szathmary.
Petitioner will be allowed to retain the sum of $300 as a reserve for possible tax claims.