William J. Regan, S.
This is a will construction proceeding presenting the question of applicability of EPTL 3-3.4 under circumstances where a residuary disposition becomes ineffective or lapses as to certain named beneficiaries.
The testator, Alexander Tomson, died August 26, 1970, leaving a last will and testament dated November 10, 1966, which was duly admitted to probate on October 29, 1970. The will by paragraph Second thereof provides as f ollows: “ I give, devise and bequeath one-half of all my property both real and personal to go to my sister-in-law, Irma E. Riesterer, and the other one-half of all my property both real and personal to go to my three brothers, Jacob Tomson of Baltimore, *688 Maryland, .and John Tomson and George Tomson, share and share alike.”
Paragraph Third of the will nominates and appoints the petitioner to he executrix to serve without bond. Ño further disposition is made except for paragraph numbered First which provides for the payment of all just debts and funeral expenses of the testator. It appears upon the hearing herein that Jacob Tomson died during World War II and was buried at sea and at the time of his death was unmarried and left him no children surviving. It whs accordingly established that Jacob Tomson predeceased the testator without issue. Petitioner contends that, because of the absence of an alternative provision in the will, EPTL 3-3.4 is applicable. (Had Jacob Tomson died leaving issue surviving him, his share under the will would, of course, pass under the ahtilapse statute, EPTL 3-3.3.) The guardian ad litem contends that it was the intention of the testator that John Tomson and George Tomson, equally, share that portion of the estate that would have passed to their brother, Jacob Tomson. The State of New York questions whether paragraph Second of the will is a true residuary clause and contends that only that part of paragraph Second of the will disposing of the remaining one half of the estate to the three brothers is the residuary portion of the will. Under such circumstances the petitioner, Irma E. Biesterer, would not share in the portion of the estate that lapsed by reason of the death of Jacob Tomson.
EPTL 3-3.4 effective September 1, 1967 provides as follows: "Whenever a testamentary disposition of property to two or more residuary beneficiaries is ineffective in part, as of the date of the testator’s death, and the provisions of 3-3.3 do not apply to such ineffective part of the residuary disposition nor has an alternative disposition thereof been made in th& will, such ineffective part shall pass to and vest in .the remaining residuary beneficiary or, if there are two or more remaining residuary beneficiaries, in such beneficiaries, ratably, in the proportions that their respective interests in the residuary estate bear to the aggregate of the interests of all remaining beneficiaries in such residuary estate.”
This section states the general law that, where the residuary is bequeathed to several beneficiaries, the share of the predeceased beneficiary does not go by intestacy (as in the past) but (except for the antilapse statute) passes on to the surviving residuary beneficiaries. The facts herein indicate that one brother predeceased the testator, leaving no issue, and the question, of course, is simply whether the sister-in-law as a *689 remaining residuary legatee, if- such she he, should share with the remaining two brothers John Tomson and George Tomson. The State of New York points out that the entire residuary may go to the sister-in-law if it is shown that John Tomson and George Tomson likewise predeceased the testator without issue, their whereabouts being unlmown at this time.
The petitioner relies solely on the above section in her claim that she is entitled to one half of the interest Jacob Tomson would have received had he not predeceased the testator. The guardian ad litem, in asking the court to determine the intent of the testator to be that the two surviving brothers receive one half of the estate to be shared equally between them, is in essence, asking for a construction where none is necessary. Where an ambiguity appears there is no question but that the intent of the testator will be ascertained from a reading of the will as ,a whole. There is equally no question that a construction of the will or any portion thereof becomes unnecessary where the language of the will is otherwise clear and unambiguous. The paragraph in question is not confusing or misleading. If the intent of the testator was as suggested by the guardian it would have been an easy matter for the will draftsman to insert the words “ or survivor of them ” where applicable.
The State of New York contends that that portion of paragraph Second giving one half of the estate to the petitioner is a general bequest and is not part of the residuary. This view is contrary to that agreed upon at the time of the hearing herein. However, this court considers such argument to be without substantial merit. The State is inconsistent in its argument. The State contends that the petitioner is generally given one half of the net estate. This is not true. The will very clearly and legibly expresses a gift of one half of all my property and so forth. If the State’s position concerning the residuary clause is to have any merit, then to be consistent the petitioner should be given one half of the gross estate and not something that the State reads into the will. The case cited by the State in support of its position, Matter of Huntington (9 Misc 2d 1012, affd. 6 A D 2d 864, mot. for lv. to reargue and mot. for lv. to app. den. 6 A D 2d 1026) is to be distinguished from the case at bar. There is no question, in the opinion of the court, but that the residuary clause of the will is paragraph Second thereof. There is nothing to prevent the testator from giving half the residuary to one person and the remaining half to another or more persons. The division of residue is not *690 peculiar. There are here no legacies or prior devises to he paid prior to disposition of the residue. The only charge against the general estate is the payment of debts, funeral expenses and so forth. In practical application this is equivalent to payment out of1 the residue. Such a bequest is a valid disposition of a residue and is not to be confused with a general bequest. The construction called for by the State and the suggested disposition advanced by the guardian could only be arrived at by adding words to an instrument which are not otherwise necessary to a clear understanding of the contents thereof. To deprive the sister-in-law as .a residuary beneficiary from sharing in the residuary bequest as provided by EPTL 3-3.4 would be to distort the clear meaning of the provisions contained in said will.
The very purpose of EPTL 3-3.4 is to resolve a situation such as this and to provide for the disposition requested by the petitioner. Thus, if a disposition of the residuary estate is made to A, B and C in proportions of 50%, 25% and 25% and none of such beneficiaries is issue, brother or sister of the testator, if C dies the residue would be divided 66% to A and 33ys to B.
It is accordingly the decision of this court that the petitioner, Irma E. Biesterer, is a residuary beneficiary, who receives one half of1 the residuary passing under the will of the deceased as indicated by the will and who, pursuant to EPTL 3-3.4 shares in one half of the interest that Jacob Tomson would have received had he not predeceased the testator; and
It is the further decision of this court that pursuant to EPTL 3-3.4 the petitioner, Irma E. Biesterer shall be entitled to the whole of the residuary estate should it be established that the remaining residuary legatees, John Tomson and iG-eorge Tomson have predeceased the testator without issue.