■ In the Matter of the Estate of ABIGAIL D. HANF, Deceased. — Decree reversed, with costs, and decree granted, in accordance with the following memorandum: In her will the decedent gave the residue of her estate to "my sisters, Barbara T. Mostyn and Elizabeth G. Hanf, in equal shares; or to the survivor of them if only one of them should survive me." Both sisters named in the will predeceased the testatrix. Barbara Mostyn had one child, Betty Straton, now living. The testatrix had two other sisters who died before the execution of the will, one of whom had three children, now living. Construing the will, the Surrogate determined that the antilapse statute applied and that Betty Straton was the sole residuary legatee of the estate. We disagree. The antilapse statute (EPTL 3-3.3) provides that "(a) Unless the will provides otherwise: (1) Whenever a testamentary disposition is made to the issue or to a brother or sister of the testator, and such beneficiary dies during the lifetime of the testator leaving issue surviving such testator, such disposition does not lapse but vests in such surviving issue, per stirpes." As stated by Surrogate Foley in *Matter of Loeb* (34 NYS2d 65, 67), "The provisions of the [antilapse statute] have been uniformly determined to create only an inference or presumption of intention on the part of a testator to benefit the descendant of a legatee who comes within the statutory class of relationship of a descendant or a sister or brother of the testator. It is inapplicable where the testamentary instrument gives evidence of a contrary intent [citing cases]." Contrary intent is indicated where the testator uses words of survival to condition the gift (Ann., 63 ALR2d 1172, 1176). Here, the testator used words of survival and, had one of the sisters outlived the decedent, that sister would take to the exclusion of any children of deceased sisters. This indicates the intention of the testatrix to benefit a living sister or sisters and not the children of her deceased sisters. Another indication of her intention to exclude children of deceased sisters is the fact that she made no provision for the children of the sister who had died before the execution of the will. "Nothing in the will or in the evidence justifies a conclusion that the testat[rix] intended to benefit [one niece] and to deny such benefits to [the other niece] and nephews" (*Matter of Robinson,* 37 Misc 2d 546, 550; see, also, *Matter of Agrella,* 175 Misc 456, 457). The decree appealed from is reversed, therefore, and it is decreed that the

antilapse statute (EPTL 3-3.3) does not apply to the residuary clause of the will and that the residuary legacies of the sisters, Barbara T. Mostyn and Elizabeth G. Hanf, have lapsed. All concur, except Callahan, J., who dissents and votes to affirm, in the following memorandum.

Callahan, J. (dissenting). In my view, Surrogate's Court properly applied the law in its decree construing the residuary clause in decedent's will. "[T]he prime consideration of all construction proceedings is the intention of the testator as expressed in the will" (*Matter of Larkin,* 9 NY2d 88, 91), and where the language of the will or any part of it is clear, other rules of construction are inapplicable (*Matter of Johnson,* 32 AD2d 239, 243, affd 26 NY2d 858). In such case, the testamentary intent must be ascertained in the language of the will as written (*Matter of Jones,* 38 NY2d 189, 193; *Matter of Collins,* 13 NY2d 194, 198). The residuary bequest in this will: "to my sisters, Barbara T. Mostyn and Elizabeth G. Hanf, in equal shares; or to the survivor of them if only one of them should survive me", clearly and unambiguously expresses the testatrix' intention. Her predominant intention was the disposition of one half of her residuary to each sister. An alternative disposition, in the event that only one sister survived her, was the disposition of the whole of the residuary to the one surviving sister. As the Surrogate properly determined, the disposition of the whole of the residuary to any one sister surviving the testatrix was an alternative disposition only. Both sisters having predeceased the testatrix, the condition for that alternative disposition — the survival of the testatrix by one of the sisters — never arose. The only applicable testamentary direction, therefore, is the disposition of the residuary estate to the two sisters "in equal shares". We must therefore explore the effect of the deaths of the two sisters before the testatrix, the first sister leaving issue, and the second leaving none. The antilapse statute (EPTL 3-3.3, subd [a], par [1]) provides: "(a) Unless the will provides otherwise: (1) Whenever a testamentary disposition is made to the issue or to a brother or sister of the testator, and such beneficiary dies during the lifetime of the testator leaving issue surviving such testator, such disposition does not lapse but vests in such surviving issue, per stirpes." Thus it is clear that, but for the alternative disposition of the will, "to the survivor of them if only one of them should survive me", the predeceasing of only the first sister would have mandated, pursuant to EPTL 3-3.3, the preservation of the first sister's one half of the residuary for her daughter's benefit (see *Matter of Breder,* 105 Misc 2d 444, 449; *Matter of Cathers,* 99 Misc 2d 540, 541). The result, as concerns the first sister's one half of the residuary, should be no different where the alternative disposition to the survivor of the sisters "if only one of them should survive [the testatrix]" is read out of the will due to the circumstances of both sisters having predeceased the testatrix. Therefore, the first sister's one-half share of the residuary does not lapse, but rather passes to her daughter by virtue of the antilapse statute. Also by virtue of EPTL 3-3.3, the effect of the second sister having predeceased the testatrix, leaving no issue, was to make the residuary bequest to her lapse (*Matter of Hall,* 272 App Div 430, 432; *Matter of Gutman,* 28 Misc 2d 997, 998). The inquiry thus becomes whether the lapsed portion of the residuary legacy passes by intestacy or passes to the daughter of the other residuary legatee by virtue of EPTL 3-3.4. Prior to the enactment of EPTL 3-3.4, an ineffective or lapsed gift of a portion of a residuary estate would not pass to the remaining residuary beneficiaries but would instead be distributed in intestacy (*Wright v Wright,* 225 NY 329, 339-341). EPTL 3-3.4 was enacted to abrogate that rule. It provides that: "Whenever a testamentary disposition of property to two or more residuary beneficiaries is ineffective in part, as of the date of the testator's death, and the provisions of 3-3.3 do not apply to such ineffective part of the residuary disposition nor has an alternative disposition thereof been

made in the will, such ineffective part shall pass to and vest in the remaining residuary beneficiary or, if there are two or more remaining residuary beneficiaries, in such beneficiaries, ratably, in the proportions that their respective interests in the residuary estate bear to the aggregate of the interests of all remaining beneficiaries in such residuary estate." Thus, it is readily ascertained that an ineffective legacy of less than the whole of the residuary, which, because the legatee is not survived by issue, is not preserved by EPTL 3-3.3, passes to the remaining residuary beneficiaries, and is not distributed in intestacy (*Matter of Mills,* 96 Misc 2d 371, 375; *Matter of Tomson,* 75 Misc 2d 687, 688-689). In my view, the application of EPTL 3-3.3 and 3-3.4 supports the determination of Surrogate's Court that respondent Betty Straton, the only child of decedent's sister, Barbara T. Mostyn, was the sole residuary legatee of the estate (see *Matter of Cathers,* 99 Misc 2d 540). Accordingly, I submit that the construction of the will by the Surrogate herein should be affirmed (see *Matter of Doorley,* 137 Misc 663). (Appeal from decree of Monroe County Surrogate's Court, Ciaccio, S. — EPTL 3-3.4.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.