### In the Matter of the ESTATE OF Cleo M. SNAPP, deceased.

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

Nov. 7, 2006 Session.

Filed Feb. 28, 2007.

Permission to Appeal Denied by Supreme Court Aug. 20, 2007.

---

William S. Lewis and Andrew T. Wampler, Kingsport, Tennessee, for appellant, Judith Ervin Honeycutt.

Edward T. Brading, Johnson City, Tennessee, for appellant, Jimmy Joe Hartsell.

Erin S. Downs, Bristol, Tennessee, for appellees, George D. Swingle, II., Susan Swingle Kimberlain, and Marjorie Swingle Van Doren ("The Swingle Heirs").

W. Robert Manuel, Erwin, Tennessee, for appellee, The Estate of Cleo M. Snapp.

## OPINION

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J. and SHARON G. LEE, JR., joined.

In this action to construe provisions in Decedent's Will, the Trial Court applied the anti-lapse statute. On appeal, we reverse.

The Will of the Testatrix, Cleo M. Snapp, was probated on February 9, 2005, and on March 29, 2005, the Executor filed a "Declaratory Action to Interpret Will."

The dispute involves the construction of these provisions of the Will:

ITEM VII. I give, devise and bequeath to my three sisters, VIOLA SWINGLE, ANNE E. FOWLER and LENA MAE HARTSELL, my 1/4 interest in and to the Juanita Farm located in the Second Civil District of Washington County, in the Lamar Community. PROVIDED, HOWEVER, if any sister should predecease me, then, in that event, the surviving sister(s) shall take the deceased sister's share. FURTHER PROVIDED that in no event are my Co-Executrixes to liquidate or sell the Juanita Farm to satisfy the bequest in Item II of this my Last Will and Testament.

ITEM VIII. The rest and residue of my estate, including all property, real, personal or mixed, tangible and intangible, of whatsoever kind and wheresoever situated, I give, devise and bequeath in equal shares unto my three sisters, VIOLA SWINGLE, ANNE E. FOWLER and LENA MAE HARTSELL. PROVIDED, HOWEVER, if any sister should predecease me, then, in that event, the surviving sister(s) shall take the deceased sister's share.

Chancery Court for Washington County ruled that Tennessee's anti-lapse statute, Tenn.Code Ann. § 32–3–105 applied to the gifts to Viola Swingle and Lena Mae Hartsell because they died with issue, but the statute did not apply to the gift to Ann E. Fowler because she died without issue. Regarding the lapsed gifts to Ann E. Fowler, the Court further reasoned that the Testatrix's will made "undeniably clear that the natural objects of the [the Testatrix's] bounty were her surviving sisters." The Court also noted that "the presumption against partial intestacy has not been rebutted." The end result of the Court's holding is that the issue of Viola Swingle would take 50% of the Testatrix's interest

in the Juanita Farm, the issue of Lena Mae Hartsell would also take 50% of the Testatrix's interest in Juanita Farm, and the remaining residue would be divided in the same manner.

This appeal ensued, and the issues on appeal are:

A. Whether the Chancery Court correctly interpreted "the surviving sister(s)" as referring to survival of the Testatrix, not survival inter sese.

B. Whether the Court correctly applied the anti-lapse statute to the gifts in Items VII and VIII of the Will.

█ The Parties stipulated to all relevant facts and documents. "When this Court is called upon to construe a will, and there is no dispute in the evidence as to any material fact, then the question on appeal is one of law. Accordingly, our review is *de novo* with no presumption of correctness accompanying the lower courts' conclusions of law." *In re Estate of McFarland*, 167 S.W.3d 299, 302 (Tenn. 2005).

Both Items VII and VIII makes gifts to the Testatrix's three sisters, and include the following survivorship clause, "PROVIDED, HOWEVER, if any sister should predecease me, then, in that event, the surviving sister(s) shall take the deceased sister's share." All three sisters, however, predeceased the Testatrix: Viola Swingle died in 1987, Anne E. Fowler died in 1997, Lena Mae Hartsell died in 2002, and the Testatrix died in 2005.

█ Hartsell interprets "surviving sister(s)" in the sense of survival inter sese: "the sister or sisters of the three named sisters ... who have survived each other at the time of [the Testatrix's] death." Hartsell argues that the gifts to Viola Swingle and Anne E. Fowler should go to Lena Mae Hartsell's issue because she lived longer than the other two sisters, even though she predeceased the Testatrix. The remaining Parties argue that "surviving sister(s)" refers to surviving the Testatrix, not simply surviving the other devisee/sisters.

█ "In construing a will, the cardinal rule is that the Court must attempt to ascertain the intent of the Testator and to give effect to that intent unless prohibited by a rule of law or public policy." *In re Estate of McFarland*, 167 S.W.3d 299, 302 (Tenn.2005). The Testator's intentions are ascertained from the natural meaning of the language used in the will and the will's context, scope, and purpose. *Id. at 302; Daugherty v. Daugherty*, 784 S.W.2d 650, 653 (Tenn.1990); *Whitfield v. Butler*, 30 Tenn.App. 221, 204 S.W.2d 537, 538 (Tenn. Ct.App.1947). The natural meaning of the word "surviving" is "Remaining alive. Living beyond the life of another or beyond the happening of some event so as to be entitled to a distribution of property or income." *Black's Law Dictionary* 1297 (5th ed.1979).

The life or event triggering the survivorship clause is the life and death of the Testator. The phrase "predecease me" in the survivorship clause refers to the Testatrix's life-span, not the live-spans of the other devisee/sisters. "[I]f any sister should predecease [the Testatrix]" that sister would not be entitled to the gifts in Items VII and VIII. Therefore, the only condition guarantying entitlement to the gifts is surviving the Testatrix. Clearly, the intent behind using the words "predecease" and "surviving" was to categorize the devisee/sisters into two mutually exclusive groups, those sisters who predeceased the Testatrix and those who survived the Testatrix. Thus, "surviving sister(s)" means the devisee/sister(s) who lived beyond the life of the Testatrix.

■ Because all three devisee/sisters predeceased the Testatrix, their gifts will lapse unless the anti-lapse statute saves the gifts. *In re Estate of McFarland,* 167 S.W.3d at 303. The relevant portion of Tennessee's anti-lapse statute provides,

(a) Whenever the devisee or legatee or any member of a class to which an immediate devise or bequest is made, dies before the Testatrix, or is dead at the making of the will, leaving issue which survives the Testatrix, the issue shall take the estate or interest devised or bequeathed which the devisee or legatee or the member of the class, as the case may be, would have taken, had that person survived the Testatrix, *unless a different disposition thereof is made or required by the will.*

T.C.A. § 32–3–105 (2001) (emphasis added). Honeycutt argues that the survivorship clauses in Items VII and VIII require a "different disposition" because they condition the gifts upon surviving the Testatrix; therefore, the anti-lapse statute does not apply. The Swingle Heirs and the Estate argue that the anti-lapse statute does apply.

■ The anti-lapse statute is based upon a presumption regarding the Testatrix's understanding and intent, and the Testator understands that a gift will likely descend to the beneficiary's issue upon the beneficiary's inevitable death; therefore, the Testator would also intend the same to occur if the beneficiary predeceased the Testator. *Brundige v. Alexander,* 547 S.W.2d 232, 234 (Tenn.1976). The purpose of the anti-lapse statute is to further this presumed intent, but only if there is no contrary intent expressed in the will. *In re Estate of McFarland,* at 303. The survivorship clauses express such a contrary intent. The gifts in Items VII and VIII are not absolute, but are conditioned on surviving the Testatrix. If a devisee/sister

predeceased the Testatrix, the sister's gifts would go to the devisee/sister(s) who survived the Testatrix. The survivorship clauses establish that the Testatrix did foresee the possibility that a devisee/sister might predecease her and, in that event, the Testatrix did not intend for the predeceased devisee/sister's issue to receive the gifts.

■ The Swingle Heirs argue that the Testatrix intended for the devisee/sisters' issue to receive the gifts in the event that all three sisters predeceased the Testatrix. However, this Court must "read [the] will as if it had been executed immediately prior to the Testator's death" and presume that the Testator was "acquainted with applicable rules of law when executing [the] will." *In re Estate of McFarland,* 167 S.W.3d at 303. Therefore, this Court must presume that the Testatrix, prior to her death, knew that all of her sisters predeceased her and that their deaths raised the possibility of partial intestacy. Yet, the Testatrix did not attempt to revise Items VII and VIII. These circumstances can reasonably lead to the conclusion that once the Testatrix's sisters all predeceased her, she no longer had any preferences among her relatives and was willing to let the law take its course. Regardless of which surmise is correct, we "cannot determine the devolution of estates based upon the mere surmise as to the Testator's intention." *Pinkerton v. Turman,* 196 Tenn. 448, 268 S.W.2d 347, 350 (Tenn. 1954).

■ The Swindle Heirs and the Estate further argue that the rule against impartial intestacy requires application of the anti-lapse statute. "[W]hen a person makes a will there is a presumption that the person did not intend to die intestate as to any part of his or her property." *In re Estate of McFarland,* at 303; *see also* T.C.A. § 32–3–101 (2001) (codification of

the common law presumption). However, this presumption is applicable only in the absence of a contrary intent and only when "'the words used, by any fair interpretation, will embrace the property not otherwise devised.'" *In re Walker*, 849 S.W.2d 766, 768 (Tenn.1993) (quoting *McDonald v. Ledford*, 140 Tenn. 471, 205 S.W. 312, 313 (1918)). Moreover, the Testatrix failed to specify how to distribute the gifts in the event that all of her sisters predeceased her. The words used do not devise the property at issue.

 The presumption against intestacy does not apply in situations where the Testator has simply failed to make a complete disposition of the estate. *See In re Walker*, 849 S.W.2d 766, 769 (Tenn.1993) (holding that trust property would pass by intestate succession because the Testator failed to specify how to distribute the property in the event of the beneficiary's death).

 The Swingle Heirs and the Estate urge this Court imply a caveat to the survivorship clauses which would limit their application only to circumstances where at least one devisee/sister survived the Testatrix. This is equivalent to making a gift by implication to the predeceased devisee/sisters. Yet, the law is opposed to making gifts through implication. *Ross v. Stiff*, 47 Tenn.App. 355, 338 S.W.2d 244, 252 (Tenn.Ct.App.1959). "It is only when an implication is 'necessary' that it will be made. A 'necessary implication' is an implication forced by the words in which the will is written and not an implication made because without it there is no disposition of that part of the estate." *Id., cited with approval in Am. Nat. Bank & Trust Co. v. Auman*, 746 S.W.2d 464, 467 (Tenn.Ct. App.1987). In any event, courts may not make a new will or bequest for a Testator but must construe what the Testator has written and published. *In re Estate of*

*Jackson*, 793 S.W.2d 259, 261 (Tenn.Ct. App.1990).

Although survivorship clauses without survivors are not common occurrences, we have addressed such circumstances before. In *In re Estate of Harper*, No. M2000–00553–COA–R3–CV, 2000 WL 1100206 (Tenn.Ct.App. Aug.8, 2000), The will provision in that case states, "I give, bequest and devise all of the foregoing in equal shares to my sister-in-law JANIE JAYE and to my sister, MARY LOU NORTON, if they both should survive me or to the survivor outright if only one should survive me." *Id.* at *1. The residuary clause repeated the same disposition, and both beneficiaries predeceased the Testator. *Id.* The probate court held that the anti-lapse statute did not apply and the estate passed by intestate succession. *Id.* We affirmed the probate court and reasoned that the anti-lapse statute was inapplicable because the will's survivorship language indicated "an intent that the issue of the named beneficiaries would take nothing if the named beneficiaries did not survive." *Id.* at *2.

The Swingle Heirs and Hartsell argue that the *Harper* case is inapposite. Although the survivorship clause in *Harper* is not identical to the one in the will at issue, both clauses required a predeceased beneficiary's gift to pass to the surviving beneficiary, and both clauses failed to specify any disposition in the event all the beneficiaries predeceased the Testator. *Harper* is highly persuasive, because both cases involved residuary paragraphs with survivorship clauses requiring survival of the Testator, both addressed situations where all the beneficiaries mentioned in the survivorship clauses predeceased the Testator, and both faced circumstances where intestacy would result without application of the anti-lapse statute.

Our holding in *Harper* is further buttressed by numerous, persuasive cases from other jurisdictions addressing similar facts and reaching the same result. *In re Estate of Kerr*, 433 F.2d 479 (D.C.Cir. 1970); *In re Wintermute*, 97 N.J. Eq. 289, 127 A. 218 (N.J.1925); *In re Will of Hanf*, 99 A.D.2d 673, 471 N.Y.S.2d 919 (N.Y.App. Div.1984); *In re Will of Northrip*, 258 A.D. 71, 15 N.Y.S.2d 789 (N.Y.App.Div.1939), *aff'd*, 282 N.Y. 797, 27 N.E.2d 205 (N.Y. 1940); *In re Estate of Howes*, 35 Misc.2d 109, 229 N.Y.S.2d 469 (N.Y.Sur.Ct.1962); *In re Estate of Parker*, 15 Misc.2d 162, 181 N.Y.S.2d 711 (N.Y.Sur.Ct.1958); *Daboll v. Field*, 9 R.I. 266, 1869 WL 2452 (1869). A smaller number of cases are to the contrary. *See, e.g., Galloupe v. Blake*, 248 Mass. 196, 142 N.E. 818 (Mass.1924).

We conclude that the anti-lapse statute does *not* apply to the gifts in *items* VII and VIII of the Will, and the testatrix's devise of her interest in the Juanita Farm falls to the residuary estate. *In re Estate of McFarland.* Since the entire residuary estate has lapsed, the entire residuary estate will pass by intestate succession. *In re Estate of McFarland*, 303–6.

We reverse the Trial Court's holding that 50% of the testatrix's interest in the Juanita Farm would pass to the issue of Viola Swingle and 50% would pass to the issue of Lena Mae Hartsell, and that the residuary estate would be divided in the same manner.

The cause is remanded to the Trial Court to proceed in accordance with this Opinion. The cost of the appeal is assessed to the Estate of Cleo M. Snapp.