# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
October 18, 2016 Session

## IN RE ESTATE OF SANDRA KAY CHRISTIAN

**Appeal from the Chancery Court for Hawkins County**
**No. 2012-PR-182      Douglas T. Jenkins, Judge**

---

### No. E2015-02276-COA-R3-CV-FILED-FEBRUARY 24, 2017

---

In this case involving the Last Will and Testament of Sandra Kay Christian, we construe a provision in her will in order to determine the interests of the parties with respect to real property owned by her. The deceased passed away on November 15, 2012. Her will contains a residuary clause. That clause devises two-fifths of the residue of her estate to Phyllis Midgett, Ms. Christian's sister. The will contains a separate provision that permits the deceased's nephews, John Reuben Christian, III and Ashley Paul Christian (the Nephews), to purchase her residence. The will provides that, in the event the Nephews elect to purchase the property, they will pay the deceased's niece, Regina Christian Dykes (the Niece), an amount that would make her share of the estate equal to theirs. The Nephews expressed their intent to purchase the residence. Ms. Midgett brought this action seeking a declaration that she has a two-fifths interest in the residence property. The trial court found the will provision at issue to be unambiguous. Consequently, the court held that Midgett has no interest in the residence property. The court directed Nephews to pay one-third of the value of the property to the Niece. Midgett appeals. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ANDY D. BENNETT, J., joined.

Phillip L. Boyd, Rogersville, Tennessee, for the appellant, Phyllis Midgett.

R. B. Baird, III, Rogersville, Tennessee, for the appellees, John Reuben Christian, III, Ashley Paul Christian, and Regina Christian Dykes.

# OPINION

## I.

Sandra Kay Christian executed a last will and testament on March 29, 2012. She passed away on November 15, 2012, and her will was admitted to probate. Midgett filed a complaint, asking the court to construe a provision in the will.

This case focuses on Item III of the will:

> I give, devise, and bequeath all the rest, residue, and remainder of my property, of whatever kind or character, and wheresover situate, as follows:
>
> > (A) Two-fifths thereof to my sister, PHYLLIS MIDGETT;
> >
> > (B) One-fifth thereof to JOHN REUBEN CHRISTIAN, III;
> >
> > (C) One-fifth thereof to ASHLEY PAUL CHRISTIAN; and
> >
> > (D) One-fifth thereof to REGINA CHRISTIAN DYKES.
>
> I direct my Executrix to permit John Reuben Christian, III, and Ashley Paul Christian to purchase my residence property, if they so desire. In the event they do purchase my residence property, they shall pay such amount to Regina Christian Dykes as makes her share of my estate equal with them.
>
> In the event John Reuben Chrisitan, III, and Ashley Paul Christian do not desire to purchase my residence property, then such property shall be sold at the direction of my Executrix hereinafter named and the proceeds therefrom divided with the rest of my estate in the manner set forth above.

In her complaint, Midgett asserted that Item III, containing the residuary clause, entitles her to two-fifths of the residue of the estate and argued that the residuary estate should include the residence property. Accordingly, she asked the court to interpret the will to give her a two-fifths interest in the residence property.

The Nephews and Niece deny that Midgett is entitled to any share of the real property. In their answer, they assert that the Nephews do desire to purchase the residence property. They argued that, because the residence property will not be sold to a third party, Midgett is not entitled to any share in the residence property under the applicable provision of the will.

The trial court found that, because the Nephews desire to purchase the residence property, they shall pay one-third of the value of the property to the Niece. The court dismissed Midgett's complaint and held that she has no interest in the residence property. Midgett appeals.

## II.

Midgett raises the following issues as quoted verbatim from her brief:

> Did the trial court commit reversible error by holding the second paragraph of Item III of the Last Will and Testament of Sandra Kay Christian, deceased, was unambiguous, controlled the disposition of the deceased's residence property, and contradicted and superseded the disposition of the subject estate as set forth in the residuary clause?
>
> Did the trial court commit reversible error by holding Midgett was not entitled to a two-fifths share of the residence property of Sandra Kay Christian, deceased, under the residuary clause of her Last Will and Testament if the property was purchased by John Reuben Christian, III and Ashley Paul Christian?
>
> Did the trial court commit reversible error by holding the second paragraph of Item III of the Last Will and Testament of Sandra Kay Christian, deceased, was unambiguous, and that said unambiguous paragraph devised to Defendants all interest in the subject residence property in the event John Reuben Christian, III and Ashley Paul Christian desired to purchase said property?

(Paragraph numbering in original omitted.)

## III.

"The construction of a will is a question of law for the court." *McBride v. Sumrow*, 181 S.W.3d 666, 669 (Tenn. Ct. App. 2005). We review a trial court's conclusions of law under a de novo standard with no presumption of correctness.

***Campbell v. Florida Steel Corp.***, 919 S.W.2d 26, 35 (Tenn. 1996); ***Union Carbide Corp. v. Huddleston***, 854 S.W.2d 87, 91 (Tenn. 1993). "The basic rule in construing a will is that the court will seek to discover the intention of the testator, and will give effect to it unless it contravenes some rule of law or public policy." ***Third Nat. Bank of Nashville v. First American Nat. Bank of Nashville***, 596 S.W.2d 824, 828 (Tenn. 1980) (quoting ***Bell v. Shannon***, 367 S.W.2d 761, 766 (Tenn. 1963)); *see also* ***Strickley v. Carmichael***, 850 S.W.2d 127, 131 (Tenn. 1992). "That intention is to be ascertained from the particular words used, from the context and from the general scope and purpose of the instrument." ***Daugherty v. Daugherty***, 784 S.W.2d 650, 653 (Tenn. 1990) (citations omitted). Furthermore, the testator's " 'intent[] is to be gathered from the scope and tenor of the whole will . . . .' " ***In re Estate of Vincent***, 98 S.W.3d 146, 150 (Tenn. 2003) (quoting ***Podesta v. Podesta***, 189 S.W.2d 413, 415 (Tenn. Ct. App. 1945) (citation omitted)).

## IV.

In the case before us, the trial court held that Midgett is not entitled to a share of the residence property. The court's order states the following:

> [T]he court construes the II paragraph of item III of the Last Will & Testament of Sandra Kay Christian to be unambiguous. The Defendants John Reuben Christian and Ashley Paul Christian desire to purchase residence property in question.
>
> Thus, the Defendants John Reuben Christian and Ashley Paul Christian shall pay 1/3 of the value of property to Regina Christian Dykes and such amount to be agreed upon by the Defendants.
>
> That the Petition filed [by] Plaintiff Phyllis Midgett be dismissed and Plaintiff Phyllis Midgett has no interest in the real property in question.

In making its ruling, the court explained the following from the bench:

> [W]hatever goes into the residuary, the testator divided it up . . . — A, B, C, and D — and that standing alone looks to be a residuary clause. But then the testator went on to add a couple of paragraphs in there. . . . [I]t doesn't look all that ambiguous. She wanted to give John Reuben Christian and Ashley Paul Christian a right to purchase her residence property. But then the sentence that has created doubt in

- 4 -

everybody's mind is the next sentence in that same paragraph that says, "In the event they do purchase my residence property, they shall pay such amount to Regina Christian Dykes as makes her share of my estate equal with them." . . . [John and Ashley] would just receive the residence property, and whatever the value of it is, they pay Regina a third of it. But then you've got that next paragraph that says, "In the event John Reuben Christian and Ashley Paul Christian do not desire to purchase my residence property, then sell it at auction and divide the proceeds in the manner set forth above." In that paragraph she clearly said if it's sold outside the family, it goes under that A, B, C, and D paragraph. . . . [T]he Court finds and rules that if John Reuben Christian and Ashly Paul Christian purchase the property, . . . Regina Christian Dykes receives a third of [an agreed upon] amount in cash. . . . And since John Reuben Christian and Ashley Paul Christian . . . desire to purchase the property, then Ms. Midgett would not be entitled to the 40 percent she would have gotten had it been sold outside the family.

The court noted that the will sets out who will receive the residuary and then qualifies it by specifying that if the land stays in the family, the Nephews pay the Niece one-third of its value. If it is sold outside the family, the proceeds go into the residuary.

We find and hold that the evidence does not preponderate against the trial court's interpretation of the will.

## V.

As stated previously, the basic rule that guides us in construing a will is that we "must seek to discover the intention of the testator." *Third Nat. Bank of Nashville*, 596 S.W.2d at 828. "The testator's intent is to be determined from the particular words used in the will itself, and not from what it is supposed the testator intended. . . . 'Every word used by a testator in a will is presumed to have some meaning.' " *In re Estate of Milam*, 181 S.W.3d 344, 353-54 (Tenn. Ct. App. 2005) (quoting *Third Nat'l Bank v. Stevens*, 755 S.W.2d 459, 462 (Tenn. Ct. App. 1988)). " '[I]t is necessary to look to the entire will and codicil, if any, and not to isolated parts . . . .' " *Stickley v. Carmichael*, 850 S.W.2d 127, 132 (Tenn. 1992) (quoting *Martin v. Taylor*, 521 S.W.2d 581, 584 (Tenn. 1975)).

In this case, the testator's intent is clear from the language she used in the will. We find that, looking at the entire will, it clearly states how the testator's estate is to be distributed. There are four provisions in the will that affect the distribution of the estate: (1) Item II makes a specific devise of "pictures, family memorabilia, and . . . household

furniture and furnishings to Midgett; (2) Item III, paragraph one specifies how the residue of the estate is to be distributed; (3) Item III, paragraph two gives the Nephews the right to purchase the deceased's residence property and specifies how the proceeds are to be divided if they purchase it; and (4) Item III, paragraph three directs the Executrix to sell the testator's residence property and divide the proceeds with the rest of the estate if the Nephews do not purchase it.

Item III is the provision at issue. That provision begins with a residuary clause. The will devises the "rest, residue, and remainder of [the deceased's] property" in specified shares to Midgett, the Nephews, and the Niece. This language is clearly intended to function as a residuary clause. "[T]he very purpose of a residuary clause is to function as a dragnet for devising parts of a testator's estate not otherwise disposed of." *In re Estate of McFarland*, 167 S.W.3d 299, 307 (Tenn. 2005).

With that purpose in mind, we construe the next paragraph of the will which is the language at issue in this case. That paragraph reads as follows:

> I direct my Executrix to permit John Reuben Christian, III, and Ashley Paul Christian to purchase my residence property, if they so desire. In the event they do purchase my residence property, they shall pay such amount to Regina Christian Dykes as makes her share of my estate equal with them.

Midgett asks us to construe this provision in conjunction with the residuary clause to entitle her to a two-fifths share of the residence property. In essence, Midgett is asking us to hold that the residence property is part of the residuary estate. The purpose of the residuary clause, however, is "for devising parts of a testator's estate *not otherwise disposed of*." *Id.* (Emphasis added.) The provision at issue disposes of the residence property by allowing the Nephews to purchase it and paying an equal share to the Niece. Midgett's position would require us to construe that provision to entitle her to a share of the estate that *has otherwise been disposed of*, which is clearly contrary to the intent of the testator.

Midgett argues that "[s]he believed if decedent did not want her to have a share of the property she would have written it so that the property was theirs and nothing else to be said." We are not persuaded by her argument. Her interpretation ignores the plain language the testator chose to use. She executed the will as written, and Midgett's beliefs about how the testator would have written the will are not in accord with the document we are reviewing. We are required to construe the language that the testator used, *In re Estate of Milam*, 181 S.W.3d at 353, not to construe an alternative provision or what Midgett supposes the testator intended.

It is clear from the language the testator used that Midgett is not entitled to any share of the residence property in the event that John and Ashley desire to purchase the property. The language directs the Executrix to permit John and Ashley to purchase the residence property if they desire to do so. The testimony at trial indicates that John and Ashley do wish to purchase the property. Because they wish to purchase the property, the language is clear that the Nephews "shall pay such amount to Regina Christian Dykes as makes her share of [the] estate equal with them." The will unambiguously requires the Nephews to pay the Niece for the property. The provision makes no mention of Midgett under this scenario. Construing the particular words that the testator used, we must presume that Midgett was intentionally excluded from a share in the residence property under the facts of this case.

"[C]ourts may not make a new will or bequest for a Testator but must construe what the Testator has written and published." *In re Estate of Snapp*, 233 S.W.3d 288, 293 (Tenn. Ct. App. 2007). If we construe the provision as Midgett requests, we would be making a bequest for the testator that she did not make. The testator's intent is clear from how she worded the provision. As written, there is an unambiguous intention for the Nephews and the Niece to share the value of the residence property equally if it stays in the family. We must presume that the absence of any language entitling Midgett to a share indicates that the testator intentionally excluded her from a share of the property. We refuse to rewrite the testator's will to give her a two-fifths interest in the residence property. The residuary clause in the will gives Midgett a two-fifths share of the residuary estate. Under the facts in this case, the residence property is not part of the residuary estate but was specifically devised otherwise. Accordingly, Midgett has no interest in the residence property.

We hold, as a matter of law, that the evidenced does not preponderate against the trial court's interpretation of the testator's will. We hold that Midgett is not entitled to a share in the residence property because the Nephews desire to purchase the property.

## VI.

The judgment of the trial court is affirmed. The costs on appeal are assessed to the appellant, Phyllis Midgett. This case is remanded for enforcement of the trial court's judgment and for collection of costs assessed below.

_____
CHARLES D. SUSANO, JR., JUDGE