John D. Bennett, S.
In this probate proceeding both the petitioner and the respondents ask that the propounded holographic instrument be admitted to probate but differ sharply as to the construction of the will. The text of the provisions of the will reads:
“First, after my lawful debts are paid, I give to my wife Mary Doepfer all my personal as well as all my real property wherever located together with any mixed property I may have.
‘ ‘ I hereby appoint my beloved wife executrix without bond of this my last will and Testament.
‘ ‘ In case of accidental and simultaneous instant death of both myself and my wife Mary Doepfer and in such case only do I direct my sister in law Mrs. Katherine Steitz of 253 East 78 St New York City to be the executrix without Bond of this my last will and Testament and give and bequeath to her all my personal as well as all my real property wherever located together with any mixed property I may have.
‘'I hereby appoint my wife Mary Doepfer to be Executrix of this my last Will and Testament.”
The parties have entered into a stipulation providing:
“ That Mary Doepfer, wife of George f. Doepfer, the decedent herein, died on the 13th day of February, 1957, a resident of 519 West Chester Street, City of Long Beach, Nassau County, of natural causes.
‘' That george f. doepfeb, the decedent herein, died on the 20th day of March, 1957, a resident of 519 West Chester Street, City of Long Beach, Nassau County, of natural causes.”
Since the wife predeceased the testator, the bequest to her is ineffective and there is required a construction of the paragraph of the will relating to Mrs. Steitz. The language of the paragraph is not only plain and unambiguous but also emphatic. The contingency contemplated in the paragraph in question relates to the ‘ ‘ accidental and simultaneous instant death ’ ’ of the testator and his wife and “ in such case only”. This contingency did not occur.
Both the petitioner and the respondents refer to a will executed simultaneously by the wife which is identical to the propounded instrument except for the substitution of the word ‘ ‘ husband * ’ where the word ‘ ‘ wife ’ ’ appears and the designation of Mrs. Steitz as ‘ ‘ sister ’ ’ where the words ‘' sister in law ’ ’ appear.
An examination of the wills makes quite clear that the decedent contemplated and provided for only two contingencies: first, the disposition of his property to his wife if she survived him; second, the disposition of his property to his sister-in-law *993 in the event of their simultaneous death. Neither contingency occurred. A third contingency, that of survival of the decedent, is not provided for..
The court may not speculate as to what the decedent’s intentions were as to a contingency not contemplated by the instrument. He had an opportunity to make testamentary disposition of his property in the period after his wife’s death. He apparently chose not to do so. If he felt in 1957 as it is urged by the petitioner he did in 1940 (the date of the propounded instrument) and wished to make Mrs. Steitz his sole legatee, an additional instrument executed with all the requisite formalities was required (see Matter of English, 275 App. Div. 148).
The propounded instrument will be admitted to probate, it having been established that it was executed in the manner prescribed by section 21 of the Decedent Estate Law and that at the time of its execution the decedent was of sound mind and free from restraint.
The decree to be submitted will include provisions (1) admitting the propounded paper to probate; (2) construing the will as ineffectual to dispose of any part of the testator’s property; and (3) granting letters of administration with the will annexed to Kings County Trust Company pursuant to the provisions of section 100-a of the Banking Law (cf. Matter of Pascal, 285 App. Div. 456, reversed and order of Surrogate’s Court reinstated 309 N. Y. 108).
Settle decree on five days’ notice.