OPINION OF THE COURT
Joseph J. Traficanti, Jr., J.
The executor and executrix herein petition for a construction of paragraph second of the decedent’s last will and *519 testament. That paragraph in subdivision (a) leaves one half of the estate to six named beneficiaries who are also decedent’s distributees; one of whom — Helen Geneis — predeceased the decedent herein. In subdivision (b), one half of the estate devolved in trust for the benefit for decedent’s deceased husband’s brother. Paragraph third of the will states that the trust principal shall devolve upon four named beneficiaries, among them the two infants herein, all of whom are also decedent’s deceased husband’s distributees. The portion of the will pertinent herein reads as follows:
"(a) One-half (Vi) thereof to be divided as follows:
"1. One-third (Vs) to my nephew, Richard Gueren
"2. One-third (Vs) to my niece, Helen Geneis, R.N.
"3. One-third (Vs) to my nieces, Margaret Michelsen, Emily Lamorte and Alwina Parr, and to my brother, Frederick Gueren, or to the survivors or survivor of them, share and share alike.
"(b) The remaining one-half (Vi) thereof to my Trustees hereinafter named, in trust, nevertheless, for the following uses and purposes:
"To hold, manage and control the same, and after the payment of all necessary expenses, to pay or to apply for the benefit of my brother-in-law, Edward Montano, the net income therefrom at such intervals as they may deem best for his interests for and during the term of the natural life of my said brother-in-law.”
The petition seeks direction as to how to distribute the share of Helen Geneis, asserting that it should pass through intestacy to the distributees of the decedent herein.
The guardian ad litem seeks dismissal of the petition on the grounds that a construction is unnecessary since EPTL 3-3.4 is controlling.
The court finds that EPTL 3-3.4 is controlling. Furthermore, in applying EPTL 3-3.4 to the bequests herein, the court finds that the share of Helen Geneis should be distributed ratably to the named heirs in subdivision (a) only. Consequently, Richard Gueren shall receive one half of the said share; and Margaret Michelsen, Emily LaMorte, Alwina Parr and Frederick Gueren shall each receive one fourth of one half of said share. The trust established in subdivision (b) is unaffected.
This is in disagreement with Matter of Tomson (75 Misc 2d 687, 690) where the beneficiary of one half the residuary *520 estate received one half the share of her predeceased brother, while her other two brothers were to share the remaining one half of the predeceased brother’s share.
The clear intent of the testatrix was to leave one half of her estate to group A and one half to group B. The diminution of either group does not alter the amount of the estate each group was intended to receive. EPTL 3-3.4 was enacted to provide a method of distribution of lapsed bequests within the testamentary scheme and thus avoid assets passing through intestacy. Applying EPTL 3-3.4 to the assets passing through subdivision (a) satisfies the statutory requirement as well as the testamentary scheme.
Accordingly, the petition is dismissed. The executor and executrix are directed to make distribution in accordance with this decision.