OPINION OF THE COURT
C. Raymond Radigan, J.
This is a construction proceeding brought on by two separate petitions to determine the validity, construction, and effect of the residuary clause of decedent’s will. Also before *589 the court is a petition for a compulsory accounting brought against the two coexecutors.
The decedent, Frances C. Baker, executed her last will and testament on July 19, 1984. She died April 27, 1987 and her will was admitted to probate on December 3, 1987. The court is asked to determine the effect of the residuary clause in decedent’s will which reads as follows:
"third: All the rest, residue and remainder of my property and estate, both real and personal, of whatsoever nature and wheresoever situated, I give, devise and bequeath as follows:
"(a) Seventy five (75%) percent thereof I give, devise and bequeath to my sister, ann ignaczak, my nieces, Sally Patterson, Constance Traetta; Linda Langhorn, and my nephew John Ignaczak, equally, share and share alike.
"(b) The remaining twenty five (25%) percent thereof I give, devise and bequeath to my grandnieces, Jayne Patterson Yannucci; Lauri Ignaczak; Donna Lee Spegele Bennet; Dawn Spegele; and Kelli Langhorn; and to my grandnephews, Michael Langhorn; Robert Traetta; Charles W. Patterson, III; Russell Patterson; and Jeffry Ignaczak, equally share and share alike.”
Specifically, the court is asked to determine the proper disposition of the legacy to Constance Traetta, decedent’s niece, she having predeceased the testatrix.
The petition of the executors requests a determination as to the application the antelapse statute of EPTL 3-3.3 to this case. As that statute applies only to dispositions to issue or brothers or sisters of the testatrix, it has no application here. The operative statute is EPTL 3-3.4 which is printed here in its entirety.
"Whenever a testamentary disposition of property to two or more residuary beneficiaries is ineffective in part, as of the date of the testator’s death, and the provisions of 3-3.3 do not apply to such ineffective part of the residuary disposition nor has an alternative disposition thereof been made in the will, such ineffective part shall pass to and vest in the remaining residuary beneficiary or, if there are two or more remaining residuary beneficiaries, in such beneficiaries, ratably, in the proportions that their respective interests in the residuary estate bear to the aggregate of the interests of all remaining beneficiaries in such residuary estate.”
Clearly, here we have a testamentary disposition to two or more residuary beneficiaries which is ineffective in part, i.e., *590 as to the disposition to Constance Traetta, and EPTL 3-3.3 does not apply.
The issue now becomes whether the ineffective gift passes to all of the remaining residuary beneficiaries or only to those named in subparagraph (a) of the residuary clause. A fair reading of the statute demands that all remaining residuary beneficiaries share in the ineffective gift unless the will provides for an alternative disposition. Clearly, there is no express alternative disposition made and the court is not in a position to infer one from the facts of this case.
"The sole purpose of the court in construing a will is to ascertain the actual intention of the testator as the same appears from a full and complete consideration of the entire will when read in the light of the surrounding circumstances” (4 Page, Wills § 30.6 [Bowe-Parker rev ed]). Had the testatrix intended that only the remaining members of subparagraph (a) share in an ineffective gift to one of that group, she could simply have added the words, "or the survivors” or words of similar import at the end of the subparagraph (see, Matter of Tomson, 75 Misc 2d 687; Matter of Meyers, 98 Misc 108; but see, Matter of Montano, 137 Misc 2d 518). This she did not do. In fact neither subparagraph of the residuary clause nor any of three preresiduary bequests make alternative dispositions in the event that the named beneficiary predeceases the testatrix. It appears that the decedent did not contemplate such a contingency and we are not at liberty to imagine what her intention might have been had she done so. "The Court may not construe the intention of the testator on the turn of subsequent events. Its function is to construe and not to construct a will” (In re Goldstein’s Will, 109 NYS2d 553, 555). Similarly, "[t]he court may not speculate as to what the decedent’s intentions were as to a contingency not contemplated by the instrument” (Matter of Doepfer, 10 Misc 2d 991, 993; accord, 4 Page, Wills § 30.7 [Bowe-Parker rev ed]).
Accordingly, the court holds that the ineffective residuary bequest to Constance Traetta be shared by all the remaining residuary "beneficiaries, ratably, in the proportions that their respective interests in the residuary estate bear to the aggregate of the interests of all remaining beneficiaries in such residuary estate” (EPTL 3-3.4). In this regard it should be noted that the beneficiaries are to be treated as individuals, not as members of group (a) or group (b) in determining the proper division of the ineffective gift. Dividing 75% of the ineffective gift among the surviving members of subparagraph *591 (a) and 25% among the members of subparagraph (b) will not comport with the statute. Each member of subparagraph (a) began with a 15% interest of the residuary estate. After deducting the 15% interest of Constance Traetta, the aggregate of the interests of all remaining beneficiaries is 85%. Therefore, the proportion that the interest of each member of group (a) bears to the aggregate of the interests of all remaining beneficiaries is 15/85 or 17.647%. The corresponding interest for those in group (b) is 2.5/85 or 2.9411%. The residuary estate is to be distributed accordingly.
Additionally, and pursuant to SCPA 2205, the executors are hereby ordered to file in this court a final account of their proceedings as such executors no later than June 28, 1989.