■ In the Matter of the Estate of ANNA E. STEEL, Deceased. JOHN A. STEEL, Appellant; GEORGE FRIEDWALD et al., Respondents.—Decree of the Surrogate's Court, New York County (Marie Lambert, S.), entered September 22, 1988, which decreed, *inter alia,* (1) that both the one half of Anna E. Steel's residuary estate which her will disposed of in trust for the benefit of Laura Friedwald Gosnell if Laura Friedwald Gosnell had survived Anna E. Steel, and the one half of the principal of the trust for Anna E. Steel's benefit created under articles Third, Fourth and Fifth of the will of her predeceased husband, Samuel W. Steel, which Anna E. Steel's will appointed in further trust for the benefit of Laura Friedwald Gosnell if Laura Friedwald Gosnell had survived Anna E. Steel, are now distributable to George Friedwald as executor of the will of Laura Friedwald Gosnell, deceased; (2) that 20% of each of certain enumerated attorney's fees shall be paid as an administration expense out of the testamentary estate of Anna E.

Steel by George Friedwald, as administrator with the will annexed of said estate, after the issuance of letters of administration to him as such administrator, and that the remaining 80% of each of said allowance shall be paid as administration expenses out of the principal of the trust for Anna E. Steel created under articles Third, Fourth, and Fifth of the will of Samuel W. Steel, deceased, by M. Robert Steel and David C. Anchin, the trustees of said trust; and (3) that upon the issuance of letters of administration to him as administrator with the will annexed of the estate of Anna E. Steel, George Friedwald shall file a notice of appearance in this proceeding as such administrator, unanimously affirmed, with costs. Decree of the same court and Surrogate, entered September 22, 1988, which decreed that letters of administration with the will annexed on the estate of Anna E. Steel, deceased, shall be issued to George Friedwald, upon his duly qualifying according to law and upon the court's signature of the decree construing the will of decedent Anna E. Steel so as to vest in George Friedwald, as executor of the will of Laura Friedwald Gosnell, deceased, the one half of the residuary estate of Anna E. Steel and the one half of the principal of the trust created under articles Third, Fourth, and Fifth of the will of Samuel W. Steel, deceased, which were in dispute in the proceedings to construe the will of Anna E. Steel, unanimously affirmed, with costs.

On this appeal, we are asked to determine whether Surrogate's Court was correct in its construction of the will of Mrs. Anna E. Steel. Mrs. Steel disposed of her residuary estate under article Fifth of her will, dated November 18, 1970. She left her residuary estate, and exercised a power of appointment given to her in 1957 under her husband Samuel Steel's will, by way of a provision giving one half of this property to her son, appellant John Steel, outright and another provision placing one half in trust for her young granddaughter Laura (also referred to as Laurye) Friedwald. As to the part of the residuary intended for Laura, Mrs. Steel expressly included the following provision in article Fifth (subd [B])[1] regarding the "uses and purposes" of the property and funds designated for the trust:

"1. To collect the rents, interests, dividends and other income therefrom (hereinafter referred to as income) and after deducting all proper charges and expenses to pay or apply all of the net income (and such amount of principal if any, as

---

1. Subdivision (A) refers to the outright gift to John.

together with such net income shall equal the sum of $10,000 annually from the date of my death) to or for the use, benefit, maintenance and welfare of my granddaughter, LAURYE FRIED-WALD;

"2. In the absolute discretion of my trustees, to pay or apply such amounts of principal from time to time for the hospitalization or any other extraordinary expenses of my said granddaughter deemed by them to be such.

"3. After my said granddaughter shall attain the age of thirty (30) years, my trustees in their absolute discretion may terminate said trust in whole or in part by the payment of principal to my said granddaughter.

"4. *On the death of my said granddaughter, my trustees shall transfer, pay over and deliver the principal then remaining, if any, to the executor or administrator of the estate of my said granddaughter to be distributed as part thereof."* (Emphasis added.)

Thus, there was an express provision as to how the second half of her residuary and appointive property should be disposed of in the event of Laura's death, whenever that should occur. Mrs. Steel died on August 8, 1985. However, the granddaughter, Laura Friedwald Gosnell, who died on November 26, 1980, predeceased Mrs. Steel. In Laura's will, which was duly admitted to probate in Maryland, she appointed her father, respondent George Friedwald, to be executor of her will. Julius Epstein, the executor of Mrs. Steel's will, and David C. Anchin, the trustee of Mr. Steel's will and the marital deduction trust which contained the subject power of appointment, sought a construction of article Fifth to determine who would receive the proceeds of that portion of the estate Mrs. Steel had intended for Laura.

Surrogate's Court declined to hold that Laura's trust had lapsed, holding instead that Laura's bequest under article Fifth was distributable to respondent herein as the designated remainderman. Additionally, because Epstein had also died in the interim, and Mrs. Steel's will did not name a successor executor of her will, the Surrogate's Court appointed Friedwald to be the administrator *cum testamento annexo (c. t. a.)*. Upon a motion for reargument, Surrogate's Court adhered to its construction of Mrs. Steel's will and its appointment of respondent as administrator *c. t. a.*

While the parties to this appeal are in agreement that both the residuary of Mrs. Steel's property and appointive property under the trust created in Mr. Steel's will should be distrib-

uted together, appellant argues that the property that would have gone to Laura's trust should have been added to his disposition. In essence, his argument is that because Laura predeceased Mrs. Steel, the provision creating the trust for her benefit under article Fifth lapsed. This court finds appellant's arguments in this regard no more persuasive than did the Surrogate.

In a case similar to that herein, the Court of Appeals, speaking through then Judge Cardozo, stated: " 'Upon the death of Allan [the beneficiary]' meant, therefore, upon the termination of the life estate bequeathed to Allan. If [the beneficiary] died during [the testator's] lifetime, the remainders would be accelerated; they would not be destroyed." *(Matter of Fordham,* 235 NY 384, 387 [1923].) We note that the language used by the testator in the *Fordham* case (235 NY, *supra,* at 386) appears to be essentially the same in both intent and effect to that in the case at bar.

We also note that the meaning of Mrs. Steel's words is not at issue here. She clearly stated that Laura's executor or administrator was to be the intended beneficiary of the remainder interest bequeathed to Laura under article Fifth of the subject will. In restating the axiom that, in construing a will, the court's primary objective is to effectuate the testator's intent *(Matter of Smith,* 131 NY 239, 247 [1892]), we are mindful that "[c]ourts do not approach * * * problems [such as that presented herein] in a spirit of rigid literalism." *(Matter of Fordham,* 235 NY, *supra,* at 389.)

In reviewing the subject will, we find no support for the proposition that Mrs. Steel did not wish the proceeds in question to go to anyone other than Laura's executors, nor are we of the view that we should redraft that which was not misdrafted, and which unequivocally indicated the intent of the testator.[2] *(See, Matter of Kronen,* 67 NY2d 587, 589-590 [1986] [regarding the doctrine of gift by implication].)

The construction of the Surrogate's Court also comports with the Estates, Powers and Trusts Law (EPTL). Appellant

---

2. We also note that while article Fifth does not require that Laura survive Mrs. Steel, various other bequests did in fact, require the beneficiaries to survive her. For example, in article Second, she bequeathed the sum of $5,000 in equal shares to "such of the daughters of my niece, Shirley Sobel, deceased, namely Arleen Ruth, Barbara Jean and Karen Lee, who shall survive me". In article Fourth, she made a bequest "to my son M. Robert Steel, and in the event he shall predecease me to my daughter-in-law, Florence S. Steel, and in the event, she shall also predecease me, then to the issue of my said son surviving me".

correctly states that EPTL 3-3.4 provides that when a disposition for one beneficiary of the residuary estate lapses, and the lapse is not prevented by EPTL 3-3.3, if no alternative disposition thereof has been made in the will, the lapsed disposition is added to the disposition for the remaining residuary beneficiaries. However, contrary to appellant's contention, Mrs. Steel provided for an alternative disposition in the event of Laura's death in no uncertain terms. (See, Matter of Montano, 137 Misc 2d 518, 519-520 [Sur Ct, Ulster County 1987].) Thus, appellant's argument that the property which would otherwise have passed to Laura's trust is required to be added to his disposition under the provisions of the EPTL must be rejected.

Having determined that the Surrogate's Court correctly constructed the will, we turn briefly to appellant's remaining claims. We hold that the Surrogate did not abuse her discretion by granting letters of administration c. t. a. to George Friedwald, as Laura's executor, who was in the same class as appellant under SCPA 1418 (1) (b).

Further, appellant's argument that the trustees of the marital trust and the former executor should be surcharged is not properly before this court; in any event, it is meritless. We reach the same conclusion as to the issue concerning distribution of the balance of appellant's interests. Concur—Carro, J. P., Kassal, Ellerin, Wallach and Rubin, JJ.