■ In the Matter of the Estate of SALLY L. BIELEY, Deceased. MAURA DAUSEY, Respondent; ALBERT ORANS, Appellant. [658 NYS2d 266] —Order, Surrogate's Court, New York County (Renee Roth, S.), entered July 31, 1996, which, in a will construction proceeding to determine the distribution of the testator's residuary estate, held that the residuary estate should pass to the named remainder beneficiaries, and not in intestacy, unanimously affirmed, without costs.

The Surrogate correctly held that the contested will clause,

which directed that the testator's residuary estate be held in trust for the testator's mother, for the mother's life, and upon the mother's death paid to two named beneficiaries or their descendants per stirpes, but contained no express direction for distribution of the residuary estate in the event the testator's mother predeceased the testator, accelerated, rather than destroyed, the remainder interests upon the mother's prior death (*Matter of Fordham*, 235 NY 384, 387-388; *Matter of Steel*, 162 AD2d 117, *lv denied* 76 NY2d 715). The result is strongly supported by extrinsic evidence of the testator's intent, properly considered by the Surrogate (*see, Matter of Fabbri*, 2 NY2d 236, 240), which showed close personal ties between the testator and the two named remainder beneficiaries and virtually no contact between the testator and her distributees, six first cousins. "The first, safest and most urgent rule of testamentary construction is the one that says that whenever possible the testament is to be construed in accord with the actual intent of the testator including [her] presumed intent to dispose of [her] whole estate by the will." (*Matter of Dammann*, 12 NY2d 500, 504.) We have reviewed appellant's other claims and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Rubin, Williams and Andrias, JJ.